**STATE OF VERMONT**

**ENVIRONMENTAL COURT**

| | | |
|---|---|---|
| Appeal of Charbonneau | } | |
| | } | |
| | } | Docket No. 135-8-03 Vtec |
| | } | |
| | } | |

Second Entry Order on Timeliness of Appeal

Appellant Gary Charbonneau appealed from a decision of the Development Review Board (DRB) of the Town of Colchester approving the final plat for Severance Corners Village Center. Appellant is represented by Gary L. Franklin, Esq.; Appellee-Applicants Severance Corners Village Center, LLC, and Kolok Development Group, Inc. are represented by Afi Ahmadi, Esq. and Austin D. Hart, Esq.; and the Town is represented by Richard C. Whittlesey, Esq. A group of purported cross-appellants, listed below, is also represented by Attorney Franklin.

The DRB decision was issued on July 9, 2003; the Charbonneau Notice of Appeal was filed at the Town on August 11, 2003. On August 22, 2003, Attorney Franklin filed what is designated as a " Notice of Cross-Appeal" of the same decision, on behalf of[1] Gary Charbonneau and the following nine additional persons or entities owning real property in the Town of Colchester: Laura Daubenspeck, Champlain Advisory Group, CF Trust, A-2 Corporation, Goodsell Hill Trust, Sunset Cliff Partners, Burt Silva, Ann Marie Silva and Mark Gardner We ruled that the appeal on behalf of the group of ten or more property owners is out of time as an initial appeal, measured from the July 9, 2003 decision, but would have been timely (assuming the timeliness of Mr. Charbonneau' s initial appeal itself) under the additional 14 days for filing a cross-appeal under V.R.A.P. 4(a), if that section applies to the situation of additional parties aligned with the appellants rather than as true " cross-appellants," that is, people opposed to the position of the Appellants.

However, we do not reach either Appellee-Applicant' s motion to dismiss the group' s purported cross-appeal, or the group' s members' petition to intervene in the appeal in chief, as the above-captioned appeal must be dismissed as untimely. Because the initial notice of appeal was untimely filed, the Court is deprived of jurisdiction and the entire appeal must be dismissed, rendering ineffective the later purported cross-appeal and intervention motions. Mohr v. Village of Manchester, 161 Vt. 562 (1993) (mem.). We have considered the parties memoranda filed in response to the Court' s October 17, 2003 entry order.

The decision appealed from was issued on July 9, 2003, a Wednesday. Counting July 10, 2003, as the first day, as provided in V.R.C.P. 6, the thirtieth day falls on Friday, August 8, 2003. While the notice of appeal is internally dated with that date, the date of filing is the date of receipt at the court or board where the filing must be made. See V.R.C.P. 5 (e). Appellant' s notice of appeal was not filed with the Town until August 11, 2003. (We note that the three additional days allowed after service by mail in V.R.C.P. 6(e) does not apply to the filing of an

initial notice of appeal under 24 V.S.A. § 4471 and in any event is inapplicable because the time for appeal is not measured from service of any document on the appellant, but rather is measured from the date the DRB decision was issued.)

Appellant argues that the time for appeal should be measured from some municipal equivalent of ' entry' of a trial court' s judgment order in the court' s docket. See V.R.C.P. 58. However, there is no such equivalent either required by statute or kept as a matter of municipal practice consistently from town to town. Rather, the entire zoning system is designed to be more informal at the municipal level than that of the trial courts, and there is no docket required to be kept by the clerk of the board or commission appealed from. Nor is there a requirement that the DRB decisions be mailed out or filed with the clerk of the municipality on the day that they are issued; the statue only requires that those actions be accomplished after the written decision is issued. 24 V.S.A. § 4470(a). The date for appeal does not run from the date on which the applicant receives notice of the DRB decision[2], but from the date the decision is issued.

The only reasonable way to determine a date on which a DRB decision is " issued" is to refer to the date appearing on the decision itself over the signatures of the DRB members (or, in the case of a decision rendered on the minutes of a board or commission hearing[3], the date on which those minutes were approved and signed by the board' s members). Any other rule would require affidavits from the administrative officers of development review boards, zoning boards and planning commissions in every case so that potential appellants could know on what date the issued decision was filed in the municipal file cabinet.

Based on that analysis, the time for filing the appeal expired on Friday, August 8, 2003, and the filing of the appeal on Monday, August 11, 2003 was untimely. Accordingly, the above-captioned appeal is hereby DISMISSED as untimely filed, effective today.

Done at Barre, Vermont, this 24th day of October, 2003.

_____
Merideth Wright
Environmental Judge

## Footnotes

[1.]    This group of ten property owners is denominated on the notice as a group called the Concerned Citizens for Colchester. Even if that group were incorporated or otherwise organized as an entity, under 24 V.S.A. §4464(b)(4) it would not be the entity itself that could qualify for party status, but rather would be the group of ten or more property owners in the town; therefore we have not used the title to refer to the group.

[2.] Compare, 10 V.S.A. §8012(c) (file notice of request for hearing in environmental court within 15 days of receipt of administrative order. (Emphasis added)).

[3.] Planning commission decisions are not required to be in writing under the statute; in smaller towns even zoning board decisions required to be issued in writing are frequently issued by way of the written minutes of the hearing at which the decision was orally rendered.