Alfred R. Ernst, Jr., Robert Scheurer, Donald McDonald and Robert A. Scott v. Rocky Road, Inc., Howard Jacobson, Norway Lodge, and Anthony DeRosa, Appellant

[450 A.2d 1159]

No. 304-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed September 7, 1982

638

*Dorsch & Hertz,* Brattleboro, for Appellant.

*Weber, Perra & Gibson,* Brattleboro, for Appellee.

**Hill, J.** The appellant challenges the Windham Superior Court's denial of his motion to intervene in the above entitled cause. We affirm.

The plaintiffs in the instant suit, Ernst, Scheurer, McDonald, and Scott, were minority stockholders in the defendant corporation, Rocky Road, Inc. The defendant Jacobson was the majority stockholder. The principal asset of the corporation was a ski lodge, known as the Norway Lodge. The plaintiffs instituted suit in 1975, requesting inter alia the liquidation and distribution of all corporate assets. On February 19, 1981, DeRosa filed his motion to intervene, which is at issue in this appeal. He claimed that Jacobson had transferred his shares to him. The trial court found the following pertinent facts.

A corporation known as Tee Dee, Inc., acquired Norway Lodge from Rocky Road in 1977. DeRosa, acting as president

of Tee Dee, executed a mortgage to Rocky Road which encumbered the Lodge. During the pendency of these proceedings, Rocky Road foreclosed Tee Dee's interest in the Lodge.

The trial court found that DeRosa claimed a transfer of stock from Jacobson on May 31, 1980. The court did not, however, find as a fact that such a transfer had actually taken place. A hearing was set for June 13, 1980, on a motion for appointment of a receiver to take control of the assets of Rocky Road. Notice of this hearing was given to the attorney for DeRosa who declined to participate in the proceedings. The hearing on the merits of the plaintiffs' suit took place on October 6, 1980. Mr. DeRosa made no effort to intervene at that hearing. The plaintiffs filed requests for findings on December 11, 1980; the requests of the defendants were filed on December 24, 1980. The motion to intervene was filed on February 10, 1981.

The trial court denied the motion to intervene. It held that although DeRosa knew about the litigation for a long time prior to the hearing on the merits in October 1980, he failed to make timely application to intervene. His petition was therefore denied on June 17, 1981. On the same day, the trial court issued its final order liquidating and distributing the assets of Rocky Road.

The appellant claims that the trial court erred in denying his motion to intervene. DeRosa claims that under V.R.C.P. 24(a) he could intervene as a matter of right. V.R.C.P. 24(a) reads as follows:

> Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

As DeRosa concedes, the timeliness of an application is a matter within the discretion of the court. See 7A C. Wright & A. Miller, Federal Practice and Procedure § 1916, at 572 (1972). See also *Schott* v. *Baker*, 132 Vt. 564, 565, 326 A.2d 157, 158 (1974). This discretion must be exercised on a

different and higher standard in the case of an intervention of right, as opposed to a permissive intervention. See 7A C. Wright & A. Miller, *supra*, § 1916, at 573. See generally *In re Vermont Public Power Supply Authority*, 140 Vt. 424, 430–34, 440 A.2d 140, 142–44 (1981). The court in such cases must consider the totality of the circumstances. Relevant factors include the power to have sought intervention at an earlier stage in the case; the case's progress; harm to the plaintiffs; and availability of other means to join the case. See 7A C. Wright & A. Miller, *supra*, at § 1916.

■ The facts in this case amply support the action of the trial court. The applicant had known of the litigation for a long time. He claims to have received title to his stock well before the hearing on the merits of the lawsuit. Yet, DeRosa waited till well after this hearing, a full eight months after he claims to have acquired the interest in Rocky Road, to file his motion to intervene. Moreover, he declined a specific invitation to participate in these proceedings. Even assuming that he presented a colorable claim for intervention as a matter of right, we cannot say that the trial court abused its discretion in denying the motion for being untimely.

*Affirmed.*