Raymond M. and Ann L. MOHR
v. VILLAGE OF MANCHESTER
(Frank Harrigan, James D.
& Carolyn Stewart, Intervenors)

[641 A.2d 89]

No. 92-546

September 17, 1993. This appeal concerns appellants' right to contest the Manchester Village Planning Commission's approval of the Mohrs' application to erect a structure on their property. Appellants Frank Harrigan and the Stewarts, adjoining landowners, claim that the trial court erred by failing to grant them their statutory right to intervene as interested persons, pursuant to 24 V.S.A. § 4471. Section 4471 provides that "[a]n interested person may appeal a decision of a board of adjustment to the superior court" and mandates that notice be sent "to every interested person appearing and having been heard at the hearing before the board" who then, upon motion, "shall be granted leave by the court to intervene."

It is undisputed that appellants were interested persons as defined in 24 V.S.A. § 4464(b)(3), and thus had a statutory right to intervene. It is also undisputed that appellants were not served with notice of appeal as mandated by § 4471. The issue then is whether the trial court was required to allow appellants to exercise their statutory right by granting their motion to intervene. While appellants had a right to intervene, the trial court has discretion to deny intervention where the motion is untimely. See *Ernst v. Rocky Road, Inc.*, 141 Vt. 637, 639–40, 450 A.2d 1159, 1160 (1982) (timeliness of application to intervene under V.R.C.P. 24(a) is matter within discretion of the trial court). Here, however, the trial court denied appellants' motion without explaining why it was denied. We cannot review the trial court's exercise of discretion where there is no record of how that decision was reached. We therefore remand the matter to the trial court for reconsideration of appellants' motion to intervene.

Appellant Village of Manchester claims that the Mohrs failed to invoke the jurisdiction of the superior court because they did not timely file their notice of appeal with the Planning Commission, as required under V.R.C.P. 74(b). This Court has previously held that the failure to file a notice of appeal, brought under 24 V.S.A. § 4471, with the clerk or other officer of the tribunal appealed from, here the Planning Commission, within the required time deprives the court of jurisdiction over the appeal. See *Harvey v. Town of Waitsfield*, 137 Vt. 80, 82, 401 A.2d 900, 901 (1979). There is no indication in the record that the Mohrs ever filed their notice of appeal with the Planning Commission or its clerk. The Mohrs instead filed a notice of appeal with the superior court within the required time.

V.R.C.P. 74(b) requires that appeals from decisions of government agencies shall be made "in the manner and within the time provided in Rules 3 and 4 of the Rules of Appellate Procedure." V.R.C.P. 74(b). In 1985 this Court amended V.R.A.P. 4 by adding the following sentence:

If a notice of appeal is mistakenly filed in the Supreme Court, the clerk of the Supreme Court shall note thereon the date on which it was received and transmit it to the clerk of the superior court or district court, and it shall be deemed filed in the superior or district court on the date so noted.

V.R.A.P. 4. The added language "responds to the common error of a notice of appeal filed in the Supreme Court rather than in the trial court." Reporter's Notes, V.R.A.P. 4.

We find no discernible difference, insofar as notice of appeal is concerned, between an appeal mistakenly filed in the Supreme Court and an appeal mistakenly filed in the superior court. We find, therefore, that V.R.C.P. 74(b), in requiring a notice of appeal "in the manner . . . provided in [V.R.A.P.] Rules 3 and 4," contemplates the "common error" that occurred in the instant case. *Harvey* is overruled to the extent that it conflicts with the amended V.R.A.P. 4. The notice of appeal filed by the Mohrs in the superior court is deemed filed with the Planning Commission on the date on which it was received in the superior court.

Finally, the Village argues that the trial court erred by failing to require that the Mohrs' two lots be combined in a common deed as a condition for approval of their application. The application as made by the Mohrs is based upon the combination of the two lots and approval is dependent upon the combination. If the application is eventually granted on remand, it will necessarily include the combination of the lots into a single lot, and any further applications by the Mohrs would require consideration of the lots as combined. We find, therefore, that there is no need to require the trial court to condition approval upon a common deed.

*Reversed and remanded for reconsideration of appellants' motion to intervene.*