## In re Appeals of Garen (Katherine Gluck and John Desautels, Appellants)

[807 A.2d 448]

No. 01-490

Present: **Amestoy, C.J., Dooley, Morse, Johnson and Skoglund, JJ.**

Opinion Filed August 9, 2002

*Michael J. Straub*, Bethel, for Appellants.

*Neil H. Mickenberg* of *Mickenberg, Dunn, Kochman, Lachs & Smith, PLC*, Burlington, for Appellees Green Mountain Habitat for Humanity, Inc. and Burlington Housing Authority.

*Kimberlee Sturtevant* of *McNeil, Leddy & Sheahan, PC*, Burlington, for Appellee City of Burlington.

**Morse, J.** Intervenors Katherine Gluck and John Desautels appeal from an order of the environmental court dismissing the appeal of the final plat approval granted applicants Green Mountain Habitat for Humanity and the Burlington Housing Authority after the original appellants, David and June Garen, voluntarily withdrew. Intervenors argue that the trial court erroneously determined that they could not independently maintain the appeal once the original appellants withdrew and that any independent issues that intervenors wished to raise were barred because they had not filed their own separate timely notice of appeal. We reverse and remand.

On February 20, 2001, the Burlington Development Review Board granted final plat approval to a project proposed by Green Mountain Habitat for Humanity for a parcel of land located at 140 Venus Avenue owned by the Burlington Housing Authority. Neighbors David and June Garen filed a timely appeal of the approval to the environmental court. After the time for appeal had tolled, Katherine Gluck and John Desautels sought permission to intervene in the appeal pursuant to 24 V.S.A. § 4471(a), V.R.C.P. 24(a)(1) and 76(a). The court granted their motion to intervene, but stated that they could not add new and independent issues to the appeal as the time for initiating appeals had lapsed.

Thereafter, the Garens voluntarily withdrew their appeal for reasons unrelated to the appeal. The court dismissed the case. Intervenors sought unsuccessfully to have the appeal reinstated, arguing that they could independently maintain the appeal. They now appeal to this Court.

Under the statutory scheme governing appeals to the environmental court from bodies such as a development review board, "interested person[s]" — which include property owners in the immediate neighborhood of a subject property such as Gluck and Desautels, 24 V.S.A. § 4464(b)(3) — who have participated in the proceedings before the board may intervene in appeals before the environmental court as of right. 24 V.S.A. § 4471(a); see also V.R.C.P. 76(a)(2) (providing that the Rules of Civil Procedure shall apply to proceedings before the environmental court unless otherwise provided); V.R.C.P. 24(a)(1) (providing for intervention when statute confers an unconditional right to intervene). The question presented in this case concerns their ability to continue with an appeal once the original party appealing withdraws from the appeal.

The few courts that have confronted this issue in analogous circumstances have consistently concluded that intervenors should be allowed to proceed. In *United States Steel Corp. v. EPA,* the Court of Appeals for the Third Circuit held that the presence of the party filing the original petition for review of an EPA action was not necessary for continuation of an appeal and that the intervenor could proceed following the original petitioner's voluntary dismissal from the suit. 614 F.2d 843, 844–46 (3d Cir. 1979). The court noted that the petition for review had been timely filed and that the intervenor's motion was likewise timely, although outside the time to file a separate petition for review. *Id.* at 845. It concluded that, despite the motion to intervene coming after the time to file a petition for review, the intervenor should not be dismissed from the appeal solely because the original petitioner no longer wished to proceed. *Id.* The Court of Appeals for the District of Columbia has reached similar conclusions in two cases involving zoning appeals. *Bates v. D.C. Bd. of Zoning Adjustment,* 639 A.2d 607, 611 (D.C. 1994) (where intervenor participated before zoning board of adjustment and filed a timely motion to intervene in appeal from zoning board, he may continue appeal following original petitioners' request to dismiss their petition for review); *Goto v. D.C. Bd. of Zoning Adjustment,* 423 A.2d 917, 922-23 (D.C. 1980) (zoning board properly adjudicated appeal from decision of zoning administrator where intervenor could have maintained appeal despite

the fact that original appellant should have been dismissed from the appeal); see also *City of New Haven v. Chem. Waste Mgmt. of Ind.*, 685 N.E.2d 97, 102 (Ind. Ct. App. 1997) (intervening party may appeal from decision of trial court in zoning case despite the fact that original parties had reached settlement and had sought dismissal of case); *Rafferty v. Sancta Maria Hospital*, 367 N.E.2d 856, 859 (Mass. App. Ct. 1977) (regardless of whether parties treated as intervenors or parties added by amendment, fact that original parties were dismissed from appeal before zoning board did not preclude new parties from pursuing appeal before the board). The court's rationale can be distilled from both cases as: where intervention is timely; is not sought for an improper purpose, such as curing a jurisdictional defect; and is done simply to protect the interests of the intervening party, a court should not dismiss an appeal simply because the original party appealing is unable or unwilling to proceed with the case.

Because we discern nothing in the statutory scheme governing appeals to the environmental court that appears to foreclose intervenors from carrying on with the suit, we see no reason to diverge from the cases cited above. Applicants Green Mountain Habitat for Humanity and the Burlington Housing Authority argue, however, that allowing intervenors to carry on with an appeal once the original appellants have withdrawn is at odds with the goal of resolving appeals to the environmental court expeditiously. We note, however, that several measures address this concern, while stopping short of denying parties their day in court. Although intervention under the statute is a matter of right, the environmental court still may deny a motion to intervene if it is not made within a reasonable time period. See *Ernst v. Rocky Rd., Inc.*, 141 Vt. 637, 639-40, 450 A.2d 1159, 1160 (1982) (holding even in cases of intervention as of right under V.R.C.P. 24(a), trial court has discretion to deny motions to intervene that are not made within a reasonable time); accord *Mohr v. Vill. of Manchester*, 161 Vt. 562, 562, 641 A.2d 89, 90 (1993) (mem.). Thus, the court in its discretion may deny intervention when it is sought late in the game and would delay the proceedings. Given that proceedings before the environmental court are appellate in nature, the Rules of Appellate Procedure may provide guidance in determining what would constitute a reasonable time in which to seek intervention.* See, e.g.,

---

* Currently, neither the Rules of Civil Procedure nor the statute allowing for intervention put a time limit on the right. Because we think it an appropriate matter for consideration given the concern over delay in the resolution of land use issues, we refer

V.R.A.P. 4 (providing that any other party may file a notice of appeal within fourteen days of the original notice of appeal); see also V.R.A.P. 29 (providing generally that amici curiae should be bound by same filing deadlines with regard to briefing as the party with whom they are siding); V.R.C.P. 76(e)(4)(B) (requiring appellant before environmental court to file a statement of the issues within thirty days of notice of appeal). In this case, the motion to intervene came twenty-two days after the original notice of appeal and prior to the filing of the statement of issues on appeal. Applicants make no argument to this Court that the motion was untimely or otherwise improperly granted.

Another control on the scope of proceedings before the environmental court relates to who may intervene. The right of intervention is confined to parties that participated in the proceeding appealed from. 24 V.S.A. § 4471(a). Therefore, the pool of potential intervenors is necessarily limited. Lastly, as discussed in more detail below, the rules governing appeals in the environmental court do not provide for an intervening party to augment the issues on appeal; thus, the owners of a subject property will not be caught unawares late in the appeal process by a host of new issues.

As one commentator noted, "[t]hat some applicants may be seeking only to delay and obstruct suggests not that the courts should consistently deny intervention [or dismiss an intervenor for that matter] but rather that they be vested with discretion to decide both whether intervention should be allowed and, if it should, the extent of the intervener's [sic] participation." D. Shapiro, *Some Thoughts on Intervention Before Courts, Agencies, and Arbitrators*, 81 Harv. L. Rev. 721, 746 (1968). In sum, we cannot agree with applicants' contention that, in the name of efficiency, the statutory scheme contemplates denying a proper party to the proceeding a hearing on the merits based solely on the chance withdrawal of an original appellant. Therefore, the court erroneously dismissed the suit and denied intervenors' motion to reinstate the appeal.

Because we are reversing and remanding, we must address intervenors' second argument on appeal that the environmental court erroneously denied their request to file their own separate statement of issues on appeal and erroneously ruled that the appeal would be confined to those issues raised by the original appellants. We discern no error.

---

the question of whether a specific time limit should be imposed to the Advisory Committee on the Rules of Civil Procedure. See A.O. 17 (establishing Committee).

█ Rule 76 specifically provides "[w]ithin 30 days after the filing of the notice of appeal . . . the appellant shall file a statement of the questions that the appellant desires to have determined . . . . *No other paper or pleading shall be transmitted or filed.*" V.R.C.P. 76(e)(4)(B) (emphasis added). In other words, an appeal to the environmental court is confined to the issues raised in the statement of questions filed pursuant to an original notice of appeal. See *Village of Woodstock v. Bahramian,* 160 Vt. 417, 424, 631 A.2d 1129, 1133 (1993) (holding that, where village did not file its own notice of appeal, it could not raise issues beyond those delineated in the permit applicant's notice of appeal and trial court improperly concluded entire application was before it on appeal; appeal was confined to four items listed in notice of appeal). The rules governing pleading in traditional civil cases simply have no applicability to such appeals, including the rule allowing for liberal amendment of pleadings, see V.R.C.P. 15(a) (noting leave to amend should be freely given); *Lillicrap v. Martin,* 156 Vt. 165, 170, 591 A.2d 41, 44 (1989) ("trial courts are to be liberal in permitting amendments to the pleadings"). V.R.C.P. 76(e)(4)(B) explicitly forecloses that possibility. "When one is granted intervention, either as of right or in the exercise of discretion, it does not necessarily follow that he must be granted all the rights of a party at the trial and appellate levels . . . ." D. Shapiro, *supra,* at 727. This is not unusual in appeals of this nature. See, e.g., *Nat'l Ass'n of Regulatory Util. Comm'rs v. ICC,* 41 F.3d 721, 729 (D.C. Cir. 1994) (in appeal from administrative rule-making proceeding, court noted "[i]intervenors may only argue issues that have been raised by the principal parties" and were confined to matters raised by the petition for review). If a party wishes to determine the issues before the environmental court on appeal, the party must file a separate notice of appeal.

*Reversed and remanded.*