STATE OF VERMONT

ENVIRONMENTAL COURT

Appeal of Rivers Development, LLC } Docket No. 7-1-05 Vtec
  (Sanders, et al., cross-appellants) }
  (re: Quarry proposal on Rte. 100B, Moretown)}
                                    }

Decision and Order on Pending Motions

Appellant Rivers Development, LLC, appealed from a decision of the Development Review Board (DRB) of the Town of Moretown, denying its application for conditional use approval of a quarry. Appellant is represented by James A. Caffry, Esq. A large number of individuals and group members have entered their appearances in this appeal in various capacities; this decision and order addresses their party status and Appellant's motion to put this case on inactive status pending Appellant's application for a state land use (Act 250) permit. For the purposes of the conference held on February 18, 2005, Attorney David L. Grayck entered an appearance on behalf of Ben Sanders, Denise Sanders, Scott Sainsbury and Pat Sainsbury, but those individuals have filed subsequent documents representing themselves.

Rule 5(b)(2) of the Vermont Rules for Environmental Court Proceedings ("V.R.E.C.P.") provides that, once a timely notice of appeal is filed, "any other person entitled to appeal may file a notice of appeal within 14 days of the date on which the statement of question is required to be filed" or within additional time under the rule or if the court extends the time as provided in the rules.

Eight separate 'cross-appeals[1]' of the DRB decision were filed by unrepresented

---

[1] From the various statements of the parties at the pretrial conference held on February 18, 2005, it is apparent that the so-called cross-appellants do not in fact contest or wish to overturn any aspect of the DRB decision. Rather, they wish to retain the ability to raise additional issues in the appeal other than those that may be raised by Appellant. It was not clear to the Court at that conference whether the unrepresented parties understood that they could be parties to the appeal and present evidence at the de novo

1

parties, each with a separate filing fee, as follows. Ben and Denise Sanders filed the first cross appeal on January 12, 2005. Seventeen other individuals and one entity[2] filed a cross-appeal on January 18, 2005. The Moretown Elementary School Board filed a cross-appeal on January 20, 2005. On January 19 and January 20, 2005[3], the following five groups each filed a cross-appeal, apparently claiming party status under §4465(b)(4): the 'Shepard's Flats and Neighbors' group; the 'Bikers/Walkers Safety on 100 B' group; the 'Common Road Area' group; the 'Moretown Village Action Association' group; and the 'Cobb Hill/Stevens Brook Concerned Citizens' group. The Town entered its appearance as an interested party on January 24, 2005, represented by Paul S. Gillies, Esq., and was represented by Julie Tower-Pierce, Esq. at the February 18, 2005 pretrial informational conference.

---

hearing without themselves filing these 'cross-appeals'.

[2] These were Art Hendrickson, Linda Hendrickson, John Porter, Sandy Porter, Robert McMullin, Beverly McMullin, Robert Dansker, Scott Sainsbury, Pat Sainsbury, Jack Byrne, Virginia Farley, Priscilla Case, Mark Case, James Falkenbush, Willow Falkenbush, Patrick Quimby, the June Holden Life Estate, and Rose Austin.

[3] A filing was also made on January 20, 2005, in opposition to Appellant's request to put the appeal on hold, by individuals collectively named 'Concerned Moretown Interested Parties'. Upon examination of this document, we conclude that it was not a request for party status by yet another group. Rather, it is being treated as a document opposing the 'stay,' filed by all those signatories who may have party status in this appeal.

The Court scheduled a pretrial informational conference to be held on February 18, 2005, due to the number of unrepresented interested parties and the difficulty of determining from their filings what they had intended by their so-called cross-appeals. On February 17, 2005, an additional group, the 'North End' group, filed a notice of appearance which indicated that the group wished to join in the Sanders cross-appeal.[4]

On February 22, 2005, another group, the Mad River Neighborhood Association, filed for status as an interested party, not as an appellant. This group consisted of Catherine Jonas, Kathy Foster, Peter Avedisian, Stephen Vantine and Susan Vantine, all of whom had already been listed as part of the 'Common Road Area Group,' as well as Marten Van Heuven, Ruth Van Heuven, Carl Yalicki, and Mary Ronner.

Party Status

All of the 'cross-appellants' at the February 18, 2005, informational conference stated that they intended to raise the same issues. Judge Wright explained that if they all wished to raise the same issues, they could have joined in the first cross-appeal which had been filed, that of Denise and Ben Sanders. That is, there is no requirement for each group party or each individual party to file a separate appeal; they could have filed a single cross-appeal together, with a single filing fee.[5]

Written notices filed after the conference by the 'Common Road Area' group, the 'Cobb/Hill/Stevens Brook group', the 'Bikers/Walkers Safety on 100B' group, the 'Moretown Village Association' group, and the 'Shepard's Flats and Neighbors' group confirmed that

---

[4] This request would have been timely if the group had wished to file it as an additional appeal under V.R.E.C.P. 5(b)(2), although the group referred to it as having been filed late.

[5] Due to the confusion created by the way in which the multiple cross-appeals were filed, all of the filing fee checks have been held by the Court and not deposited.

all of these groups, like the 'North End' group, did wish to join in the Sanders appeal rather than undertaking separate appeals. Similarly, all but four of the eighteen individuals who had previously filed their own notices of appeal notified the Court that they wished to join in the Sanders appeal. Absent any other information, we must conclude that the remaining four individuals: James Falkenbush, Willow Falkenbush, Patrick Quimby, and Rose Austin, as well as the Moretown Elementary School Board, wish to proceed with their own separate appeals.

Appellant has moved for clarification or to dismiss regarding party status. At the February 18, 2005 conference, Appellant stated that it would not object to party status in the appeal for any group or individual who had been granted party status or had participated before the DRB, and would not object to the individual party status of any individuals who had participated before the DRB as a member of a group. Appellant requested that each group with group party status be required to designate a single representative for the purpose of service by Appellant or distribution of notices of hearing or copies of orders from the Court. However, in its March 8, 2005 filings, Appellant also moved to dismiss all parties who did not attend the February 18, 2005 informational conference, and moved to dismiss the "Mad River Neighbors' Association" for lack of party status.

Appellant's motion to dismiss parties who had not attended the February 18, 2005 conference is DENIED. These parties were not required to be present under Rule 2(d)(1) of the Vermont Rules for Environmental Court Proceedings. Rather, that conference was noticed as an informational conference to allow the Court to explain procedure and to answer questions, especially from the unrepresented parties, to assist the Court in determining who were the proper parties and in developing a workable system for managing the pretrial events in the case, including whatever pretrial conferences may be appropriate under V.R.E.C.P. 2(d).

The statutory party status requirements differ somewhat as between those who may have standing to bring an appeal (or a cross-appeal), and those who may be able to participate as interested parties in an appeal brought by another. An interested party who does not qualify as an appellant is limited to the issues in the appeal raised (in the

Statement of Questions) submitted by the appellants. See <u>In re Appeals of Garen</u>, 174 Vt. 151 (2002).

To bring an appeal, an appellant must have participated at the DRB as required by 24 V.S.A. §4471 and 10 V.S.A. §8504(b)(1) and must also qualify as an interested party under 24 V.S.A. §4465(b)(3) (for individuals or individual entities) or §4465(b)(4) (for groups).

Appellant-Applicant's motion for clarification or to dismiss the individual cross-appellants is GRANTED only as Rose Austin, and is otherwise DENIED. Ms. Austin has not demonstrated that she participated before the DRB, as required by 24 V.S.A. §4471 and 10 V.S.A. §8504(b)(1).

Appellant-Applicant's motion for clarification or to dismiss the group cross-appellants is DENIED, as all six groups (the 'Shepard's Flats and Neighbors' group, the 'Bikers/Walkers Safety on 100B' group, the 'Common Road Area' group, the 'Moretown Village Action Association' group, the 'Cobb Hill/Stevens Brook Concerned Citizens' group, and the 'North End' group) participated at the DRB as required by 24 V.S.A. §4471 and 10 V.S.A. §8504(b)(1) and qualified as interested parties under 24 V.S.A. §4465(b)(4). On or before April 18, 2005, each group appellant shall file with the Court[6] written designation of one person (with name, mailing address, and daytime telephone number) who will serve as the representative of the group regarding all matters related to the appeal. Thereafter, service on that representative is sufficient as service on the group party; it will be up to each group to organize how it wishes to notify its members.

We note that some individuals who only have standing as group members also filed forms stating that they wished to represent themselves in Court. As it is the group and not its individual members that is the party before the Court, we are returning these forms to those individuals with their copies of this order. Any of those individuals who is selected as a group representative may return that form again to the Court with their written designation by the group.

The motion of the Mad River Neighborhood Association for intervention as an

---

[6] Copies must be sent to all parties of anything filed with the Court.

interested party is DENIED. The Mad River Neighborhood Association has not demonstrated that it has met either of the requirements of 24 V.S.A. §4465(b)(4). Even if all ten persons named in the Mad River Neighborhood Association Party Status Request are voters or real property owners in the Town of Moretown, no showing has been made that they filed the required signed petition before the DRB. We note that any of those individuals wishing to apply to intervene as an individual interested party must meet the requirements of 24 V.S.A. §4465(b)(3), including the requirement of being able to "demonstrate a physical or environmental impact on the person's interest under the criteria reviewed."

All of the individual and group cross-appellants other than James Falkenbush, Willow Falkenbush, and Patrick Quimby and the Moretown Elementary School Board have filed requests to join in the Sanders' cross-appeal and for the refund of their filing fees. Those requests are GRANTED.

Thus, as of the rulings so far made in this order, the parties consist of the following twenty-eight entities, individuals and groups:

Appellant Rivers Development, LLC, represented by James A. Caffry, Esq.

Interested party Town of Moretown, represented by Paul S. Gillies, Esq., and Julie Tower-Pierce, Esq.

Cross-Appellants Ben Sanders, Denise Sanders, Art Hendrickson, Linda Hendrickson, John Porter, Sandy Porter, Robert McMullin, Beverly McMullin, Robert Dansker, Scott Sainsbury, Pat Sainsbury, Jack Byrne, Virginia Farley, Priscilla Case, Mark Case, James Falkenbush, Willow Falkenbush, Patrick Quimby, the June Holden Life Estate, the 'Shepard's Flats and Neighbors' group, the 'Bikers/Walkers Safety on 100B' group, the 'Common Road Area' group, the 'Moretown Village Action Association' group, the 'Cobb Hill/Stevens Brook Concerned Citizens' group, the 'North End' group, and the Moretown Elementary School Board.

As stated above, on or before April 18, 2005, the group cross-appellants are each

6

required to designate a representative in writing. On or before April 18, 2005, the Moretown Elementary School Board shall also file with the Court a written designation of one person (with name, mailing address, and daytime telephone number) who will serve as the representative of that entity, and shall file a written statement as to whether they wish to join in the Sanders cross-appeal or wish to raise separate issues. On or before April 18, 2005, the June Holden Life Estate shall also file with the Court a written designation of one person (with name, mailing address, and daytime telephone number) who will serve as the representative of that entity, or shall file requests for party status from the individuals residing at that location. On or before April 18, 2005, Cross-Appellants James Falkenbush, Willow Falkenbush, and Patrick Quimby shall file a written statement as to whether they wish to join in the Sanders cross-appeal or wish to raise separate issues, in which case they should contact the Court to determine what filing fee may be due and shall file their Statements of Questions as required for Cross-Appellants Sanders. We will treat all the cross-appellants as representing themselves, unless and until an attorney enters an appearance for them, but will send a courtesy copy of this order to Attorney Grayck, as he appeared at the February 18, 2005 informational conference.

On or before April 25, 2005, Appellant shall file its Statement of Questions and Cross-Appellants Sanders shall file their Statement of Questions. Please note that copies must be sent to all twenty-eight parties listed above, as well as to the Court.

Motion for 'Stay'

Appellant has not moved to stay any proceedings in another forum. Rather, Appellant has moved to put this appeal on inactive status in this Court pending Appellant's application for a state land use (Act 250) permit to the District Environmental Commission, recognizing that any appeal of the District Environmental Commission's action on that application would also be appealed to this Court. Many of the cross-appellants have stated their opposition to this procedure, either in writing or orally at the February 18, 2005 conference.

Appellant's request to put this appeal on inactive status, pending filing and

7

consideration of Appellant's application for an Act 250 permit from the District #5 Environmental Commission, is GRANTED, to take effect on April 26, 2005. Appellant shall report in writing as soon as the Act 250 application is filed, and shall report in writing when it is set for hearing by the District Commission, when the hearings have been completed, and as soon as the District Commission has issued its decision.

This Court is directed to consolidate and coordinate proceedings to "promote expeditious and fair proceedings and avoid unnecessary costs or delay." V.R.E.C.P. 2(b) and 10 V.S.A. §8504(g). If we were to proceed with this appeal while the Act 250 application is pending at the District Commission, the parties (Cross-Appellants as well as Appellant-Applicant) would have to present substantially the same evidence, including the reports and testimony of their expert witnesses, three separate times: once in the DRB appeal to this Court, once at the District Commission, and then again at this Court, assuming that the District Commission decision would be appealed by one party or the other. Not only would it cause increased costs for the parties, but it would double the Court's costs, by requiring this Court to hold two successive repetitive hearings, rather than to hold a single consolidated hearing. Nor would it speed up the ultimate resolution of these appeals. as they would not reach or be concluded either in this Court or in the Vermont Supreme Court any earlier. We should avoid those costs and delay if at all possible.

On the other hand, if Appellant-Applicant does not proceed with its Act 250 permit application before the District Commission, the Cross-Appellants are free to move for this appeal to be returned to the active docket and for it to proceed. Otherwise, we will schedule a conference soon after we are notified of the issuance of the District Commission decision.

Done at Berlin, Vermont, this 8th day of April, 2005.

8

_____

Merideth Wright
Environmental Judge