# STATE OF VERMONT

SUPERIOR COURT

ENVIRONMENTAL DIVISION
Docket No. 131-10-17 Vtec

---

Town Clarendon v Houlagans MC Corp of VT

---

## ENTRY REGARDING MOTION

Count 1, Municipal Enforcement (131-10-17 Vtec)

Title:        Motion to Intervene (Motion 7)

Filer:        Annette McDonald, Rosemary LaPlante, and Mark LaPlante

Attorney:     Lois Vandenburg Baldwin, Esq.

Filed Date:   June 29, 2018

No response filed

**The motion is DENIED.**

The present matter is an enforcement action brought by the Town of Clarendon (Town) against Houlagans MC Corp. of VT (Defendant) regarding activities conducted at the Defendant's property located at 754 Cold River Road in Clarendon, Vermont.  Presently before the Court is a motion to intervene filed by neighboring landowners, Annette McDonald, Rosemary LaPlante, and Mark LaPlante (together, Neighbors).

Neighbors assert that they are permitted to intervene in this matter as of right, pursuant to V.R.C.P. 24(a)(1) or (2).[1]

A person may intervene in an action as of right "[u]pon timely application."  V.R.C.P. 24(a)(1), (2).  The timeliness of application to intervene as of right is a matter within the Court's discretion.  <u>Mohr v. Vill. Of Manchester</u>, 161 Vt. 562, 562 (1993) (citing <u>Ernst v. Rocky Rd., Inc.</u>, 141 Vt. 637, 639-40 (1982)).  In determining whether the motion is timely, the Court considers four factors: "the power to have sought intervention at an earlier stage in the case; the case's progress; harm to the plaintiffs; and availability of other means to join the case."  <u>Ernst</u>, 141 Vt. 637, 640.

Neighbor's assert their interests are somewhat aligned with those of the Town.  Therefore, permitting intervention would not result in harm to the plaintiff.  Further, there has

---

[1] Neighbors additionally assert that they are interested persons pursuant to 24 V.S.A. § 4465(b).  We note that that section is entitled "<u>Appeals of decisions</u> of the administrative officer."  24 V.S.A. § 4465(b) (emphasis added).  Neighbors do not seek to appeal an act or decision made by and administrative officer of the Town.  Instead, they seek to intervene in an enforcement action brought by the Town against the Defendant.  Therefore, this section is inapplicable.

Further, even if § 4465 were applicable, Neighbors would have failed to comply with the procedural requirements set forth in § 4465(a).  24 V.S.A. § 4465(a) (requiring interested parties to file a notice of appeal within 15 days of the decision or act).

not been an assertion that Neighbors could intervene in another manner. Therefore, we turn to the first two factors.

Their motion states that they have been involved in this matter since the beginning, were the initial complainants to the Town regarding Defendant's activities at the property, and provided affidavits to the Town in support of its motion for fines and costs. Neighbors have provided no justification as to why they did not seek to intervene at an earlier stage despite being aware that this action was pending. We conclude that Neighbors had ample ability to intervene at an earlier stage of the case.

We now turn to the case's progress. The present action was filed with this Court on October 12, 2017. Having received no Answer from the Defendant, we granted the Town's motion for default judgment on December 15, 2017. On June 14, 2018, we granted in part and denied in part the Town's motion for fines and costs. Thus, in June this matter was complete.[2]

On June 29, 2018, Neighbors moved to intervene. Neighbors appear to assert that, because of representations made by Defendant in its March 28, 2018 opposition to the Town's motion for costs and fines, they must now be allowed to intervene to protect their interests. We do not see how these representations excuse Neighbor's delay in asserting their rights. See 171234 Canada Inc. v. AHA Water Co-op., Inc, 2008 VT 115, ¶ 20, 184 Vt. 633.

Neighbors appear to specifically take issue with the fines and costs imposed by the Court in our June 14, 2018 Entry Order. They assert that their interests are similar to the Town, but that they have a stronger incentive to enforce the Town's zoning laws against the Defendant. They argue therefore they must be permitted to intervene.

"Property owners cannot sit idly by, depend on [a third party] to protect their interests, and then seek intervention to reverse [the Court's] result only after" the third party obtains a judgment the property owners dislike. 171234 Canada Inc., 2008 VT 115, ¶ 20 (citing Walters v. City of Atlanta, 610 F. Supp. 730, 731-32 (D.Ga. 1985) (holding that to do so would result in "any potentially affected party . . . [standing] back as long as favorable disposition of the case looked predictable, only to seek leave to participate when the case was already lost.")). Neighbors' disagreement with our June 14, 2018 Entry Order does not justify their motion to intervene at this stage in the proceedings.

Neighbor's move to intervene in this matter post-judgement. They have been acutely aware of the matter since it's commencement in October 2017 and have offered no justification for their delay in seeking to participate. We **DENY** the motion to intervene as untimely.

So ordered.

**Electronically signed on August 24, 2018 at 11:50 AM pursuant to V.R.E.F. 7(d).**

_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

---

[2] We note, however, that a motion to reconsider our June 14, 2018 Entry Order regarding fines and costs granted to the Town was filed on June 28, 2018. A decision on the motion has been issued concurrently with this Entry Order.

Notifications:

William J. Bloomer (ERN 3734), Attorney for Plaintiff Town of Clarendon

Matthew G. Hart (ERN 3613), Attorney for Defendant Houlagans MC Corp of VT

Lois Vandenburg Baldwin (ERN 3658), Attorney for Petitioner to Intervene Annette McDonald

Lois Vandenburg Baldwin (ERN 3658), Attorney for Petitioner to Intervene Rosemary LaPlante

Lois Vandenburg Baldwin (ERN 3658), Attorney for Petitioner to Intervene Mark LaPlante