STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
                                                  Docket No. 69-6-19 Vtec

| Zlotoff Foundation Inc. NOV (2) |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal DRB Notice of Violation (69-6-19 Vtec)

Title:          Motion to Intervene (Motion 8)

Filer:          AIR Development, LLC

Attorney:       Brian P. Monaghan

Filed Date:     March 10, 2020

Response in opposition filed on 04/01/2020 by Attorney William Andrew MacIlwaine for the
        Town of South Hero

Reply in support filed on 04/14/2020 by Attorney Brian P. Monaghan for Petitioner to Intervene
        AIR Development, LLC

**The motion is GRANTED.**

This appeal, together with a municipal enforcement action, relates to two municipal Notices of Violation ("NOVs") issued to Zlotoff Foundation, Inc. ("the Foundation") by the Town of South Hero ("Town") Zoning Administrator. In Docket No. 69-6-19 Vtec, the Foundation appeals a decision of the Town of South Hero Development Review Board ("DRB") denying its appeal of the NOVs. In Docket No. 17-2-20 Vtec, the Town brings an action against the Foundation and another entity, AIR Development, LLC ("AIR"), seeking to enforce the same NOVs and to prosecute the alleged violations. AIR owns the property at issue in one of the NOVs, and the Town asserts that it issued the NOVs to both the Foundation (the acting entity) and AIR (the entity which owns one of the properties). The Court recently granted the Town's motion to coordinate these matters. Presently before the Court is AIR's motion to intervene in the appeal of the NOVs (Docket No. 69-6-19 Vtec).

AIR moves to intervene in this proceeding pursuant to V.R.E.C.P. 5(c), V.R.C.P. 24(a), and V.R.C.P. 24(b). AIR owns a property known as the "Apple Island Resort" in South Hero, Vermont; a barn on that property ("the Barn") is leased to the Foundation. One of the NOVs at issue in this appeal relates to the Foundation's use of the Barn as a museum ("Barn NOV"). AIR asserts that it may intervene as a party by right pursuant to 10 V.S.A. § 8504(n)(2).

V.R.E.C.P. 5(c) provides that parties who miss the 21-day deadline for filing a notice of appearance "may enter an appearance by filing a timely motion to intervene." In turn, 10 V.S.A. § 8504(n)(2) provides a right of intervention for a "party by right" as defined under 10 V.S.A. § 8502(5). The issue here is twofold: (1) whether AIR qualifies as a party by right, and (2) whether the motion was timely. *See* In re Fowler NOV, No. 159-10-11 Vtec, slip op. at 4 (Vt. Super. Ct. Envtl. Div. Aug. 8, 2012) (Durkin, J.) (finding that a motion to intervene under Rule 5(c) triggers review of a party's "statutory qualifications to appear").

AIR is a party by right pursuant to 10 V.S.A. § 8504(n)(2). The Barn NOV issued by the Town alleges that the Foundation's current use of the Barn is outside the scope of existing permit approvals and is in violation of the Town of South Hero Development Regulations ("Regulations"). AIR owns the Barn and the property on which it sits. Owners of the land at issue in a municipal appeal are parties by right and "may intervene in a pending appeal." *See* 10 V.S.A. § 8504(n)(2); 10 V.S.A. § 8502(5)(B) (defining "[p]arty by right"); *see also* In re Snowstone, LLC Stormwater Discharge Appeal, Nos. 76-7-19 Vtec and 151-11-17 Vtec, slip op. at 1 (Vt. Super. Ct. Envtl. Div. Jan. 28, 2020) (Durkin, J.). The Town argues that AIR did not participate in the proceedings below, and therefore cannot intervene. While participation is a prerequisite to filing an appeal pursuant to 24 V.S.A. § 4471 or gaining interested person status pursuant to 24 V.S.A. § 4465, it is not required for intervention as a party by right. *See* In re Hollow Road 9-Lot PUD, No. 6-1-18 Vtec, slip op. at 1–2 (Vt. Super. Ct. Envtl. Div. Jul. 20, 2018) (Walsh, J.); *see also* 10 V.S.A. § 8504(n) (establishing different categories of persons who may intervene including "part[ies] by right" and "interested person[s]"). Thus, the remaining question is whether AIR's motion was timely.

The timeliness of a motion to intervene is a matter within the trial court's discretion. Ernst v. Rocky Road, Inc., 141 Vt. 637, 639-40 (1982). In determining whether the motion is timely, we consider at least four factors: "possible harm to [appellants]; power to have sought intervention at an earlier stage; progress of the case; and the availability of other means to join the case. Shahi v. Madden, 2010 VT 56, ¶ 10, 188 Vt. 142 (2010) (citation omitted).

As to the first factor, we discern no possible harm to the Foundation. In essence, AIR seeks intervenor status to show that the Barn NOV "as to AIR Development is void," and to support the Foundation's arguments on appeal. *See* AIR Development, LLC's Motion to Intervene at 4–5, filed Mar. 10, 2020. As to the second factor, we note that AIR could have sought intervention at an earlier stage. The motion to intervene comes approximately one year after the Foundation filed its initial appeal with the DRB. However, a central question in this appeal and the related enforcement action is the validity of the NOVs, including the sufficiency of notice to the Foundation and to AIR. AIR contends that it was not on notice of the need to protect its interests until early 2020 when the Town (1) challenged the Foundation's standing to appeal in this matter, and (2) filed the enforcement action asserting that AIR should be held responsible for the alleged zoning violations. The notice issue has yet to be resolved, thus we must acknowledge the possibility that AIR realized the potential impact to its interests only after these more recent developments.

The third factor relates to the progress of the case. AIR filed its motion to intervene on March 10, 2020, before the parties had engaged in discovery and before the Court had ruled on any motions. The parties' motions for summary judgment are currently pending, and a trial date

has not been set.  Thus, at this early stage, AIR's intervention will not slow the proceedings or interfere with the case's progress by upsetting prior judgments.  *See* Shahi v. Madden, 2010 VT 56, ¶ 11 (noting that intervention "did nothing to slow the proceedings" where it was granted during the pendency of a motion to reconsider an injunction and before the Court had issued a final injunctive order); *see also* 171234 Canada Inc. v. AHA Water Co-op., Inc., 2008 VT 115, ¶ 20, 184 Vt. 633 (stating that a party untimely intervened when it waited to intervene until after the Court had granted summary judgment against the party's interest).  We also note that AIR's intervention would be limited to the issues raised by the Foundation.  *See* In re Garen, 174 Vt. 151, 155 (2002) (intervenors may not add new issues).

Finally, as to the fourth factor, AIR could have joined the case by filing a notice of appearance within the 21-day time limit.  *See* V.R.E.C.P. 5(c).  However, as we have said, it is not clear that AIR had notice of the need to assert its interests in this case until long after the time for filing an appearance had passed.

Considering the totality of the circumstances, we conclude that AIR's motion to intervene was timely.  This appeal is still in the preliminary stages, and the issues overlap considerably with those in the enforcement action brought by the Town in February 2020.  The Town named AIR as a party in the enforcement action, and on the Town's motion we have coordinated that action with this appeal.  Allowing AIR's participation here will cause no harm to the Town and will ensure that all interested parties can be heard.

The Town takes issue with the reasoning behind AIR's motion, arguing that AIR seeks to intervene only to "remedy the Foundation's defective standing."  *See* Town of South Hero's Opposition to AIR Development, LLC's Motion to Intervene, at 6–7, filed Apr. 1, 2020.  The Town contends AIR should be barred from intervening for this "improper purpose." *See* Garen, 174 Vt. at 154 (indicating that intervention should not be sought "for an improper purpose, such as curing a jurisdictional defect").  We recognize the Town's concern, but we cannot agree.  First, we note that the Court has yet to rule on the Town's challenge to the Foundation's statutory standing.  It remains to be seen whether there is a "jurisdictional defect" to be cured.  *See* id. Second, while AIR intends to support the Foundation's standing argument, it also seeks to represent its own interests. *See* AIR Development, LLC's Motion to Intervene at 4–5. At this stage, those interests appear legitimate and we cannot say that AIR is intervening for an improper purpose.

For the foregoing reasons, AIR's motion to intervene is **GRANTED**.

**So Ordered.**

Electronically signed on August 11, 2020 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Superior Judge
Environmental Division

Notifications:

Brian P. Monaghan (ERN 1186) and James F. Conway, III (ERN 8706), Attorneys for Appellant Zlotoff Foundation, Inc.

William Andrew MacIlwaine (ERN 3436), Attorney for the Town of South Hero

Brian P. Monaghan (ERN 1186), Attorney for Petitioner to Intervene AIR Development, Inc.