STATE OF VERMONT

SUPERIOR COURT                                              ENVIRONMENTAL DIVISION
                                                            Docket No. 98-7-17 Vtec

| | |
|---|---|
| Poultney Properties LLC Change of Use & SP App. | DECISION ON MOTIONS |

Poultney Properties, LLC (Applicant) appeals the partial denial of its application for change of use and site plan approval by the Town of Poultney Development Review Board (DRB). The DRB denied Applicant's application for a retail store (the project) located at 61 Beaman Street, Poultney, Vermont (the subject property).[1]  Presently before the Court are motions to intervene filed by John G. Swenor, Neal C. Vreeland, Linda Pepler, and Rebecca and Walter Riberio (together, Neighbors).  Neighbors assert that they are permitted to intervene in this matter as of right, pursuant to V.R.C.P. 24(a).

In this matter, Poultney Properties is represented by David R. Cooper, Esq., and David Carpenter, Esq.  The Town of Poultney is represented by Gary R. Kupferer Esq. Mr. Vreeland, Mr. Swenor, Ms. Pepler, and Mr. and Mrs. Riberio are self-represented.  Concerned Citizens of Poultney (CCP) is represented by its spokesperson, C.B. Hall.

On February 4, 2020, this Court issued a Decision (2020 Decision), concluding that Neighbors did not satisfy the requirements for interested persons status under 24 V.S.A. § 4465(b)(3).[2]  See Poultney Properties LLC Change of Use & SP App., No. 98-7-17 Vtec, slip op. at 3–4 (Vt. Super. Ct. Envtl. Div. Feb. 4, 2021) (Walsh, J.) (citing In re Wright & Boester, No. 31-3-18 Vtec, slip op. at 3–6 (Vt. Super. Ct. Envtl. Div. Mar. 28, 2019) (Durkin, J.)).  In the 2020 Decision, we held that because the Neighbors did not allege that the DRB's decision was inconsistent with the policies, purposes, or terms of the Town Plan or Poultney Unified Bylaws, Neighbors did not satisfy the third element for party status under § 4465(b)(3).  Id. (noting that neighbors may seek alternative means under V.R.C.P. 24 to participate in the present zoning appeal).

In consideration of the Neighbors' participation as interested persons before the tribunal below and their assertions that Applicant's project adversely impacts their interests as adjoining landowners and persons in the local community, we directed Neighbors to file representations of material fact and memoranda of law as to why they are entitled to intervene in this appeal pursuant to 10 V.S.A. § 8504(n)(6) and V.R.C.P. 24.  See Poultney Properties LLC Change of Use &

---

[1] The 61 Beaman Street address is located on a single 1.76-acre parcel that includes four separate buildings at 53, 55, 57, and 61 Beaman Street.

[2] Interested person status under § 4465(b)(3) requires that Neighbors: (1) own or occupy property in "the immediate neighborhood" of the subject property; (2) "demonstrate a physical or environmental impact on [their] interest under the criteria reviewed"; and (3) allege that "the decision or act [of the municipality], if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality." 24 V.S.A. § 4465(b)(3).

SP App., No. 98-7-17 Vtec at 1 (Feb. 4, 2021).  The present motion addresses Neighbors' filings in connection with this Court's directive.

## Discussion

As a threshold issue, a person may intervene in an action as of right "[u]pon timely application."  V.R.C.P. 24(a)(1), (2).  The timeliness of application to intervene as of right is a matter within the Court's discretion.  Mohr v. Vill. Of Manchester, 161 Vt. 562, 562 (1993) (citing Ernst v. Rocky Rd., Inc., 141 Vt. 637, 639–40 (1982)).  In the 2020 Decision, this Court directed Neal Vreeland, John Swenor, Linda Pepler, and Rebecca and Walter, Riberio to file representations of material fact and memoranda of law as to why they are entitled to intervene in this appeal pursuant to 10 V.S.A. § 8504(n)(6) and V.R.C.P. 24.  See Poultney Properties LLC Change of Use & SP App., No. 98-7-17 Vtec at 1 (Feb. 4, 2021) (affording Neighbors 30 days to file and all other parties an opportunity to respond to any filings that Neighbors submitted in accordance with V.R.C.P.).  The Neighbors submitted their respective motions to intervene within the 30 days allotted.  As the need for intervention arose only after Applicant's challenge to Neighbors' standing and this Court's 2020 Decision directing Neighbors to file motions to intervene, Neighbors' motions are timely.  See Capitol Plaza 2 Lot Subdivision & Capitol Plaza Major Site Plan, Nos. 3-1-19 and 4-1-19 Vtec, slip op. at 10 (Vt. Super. Ct. Envtl. Div. Nov. 12, 2019) (Walsh, J.) (holding parties' motions to intervene as timely after standing was challenged).

As the motion for intervention is timely, the question remaining before the Court whether Neighbors are interested persons pursuant to V.R.C.P. 24 and 10 V.S.A. § 8504(n)(6).  Intervention as of right must be granted if (1) the intervenor has "an interest relating to the property or transaction" that is the subject of the underlying action; (2) the intervenor would be impaired or impeded in his or her ability to protect that interest depending on the outcome of the action; and (3) the intervenor's interest is not adequately represented by the existing parties.  V.R.C.P. 24(a); 10 V.S.A. § 8504(n)(6); see State v. Quiros, 2019 VT 68, ¶ 16 n.3; see also Randolph Town Office Zoning Appeal, No. 106-6-05 Vtec, slip op. at 3–4 (Vt. Super. Ct. Mar. 30, 2006) (Durkin, J.) (applying V.R.C.P. 24(a) as an alternative method to intervene where a party did not qualify as an interested person under 24 V.S.A. § 4465).  With this in mind, we assess each of the motions to intervene below.

### I.    Neal C. Vreeland

Neal C. Vreeland (Vreeland) owns and resides in property located at 27 Church St. in Poultney, Vermont.  Vreeland's southern property line abuts the subject property and Vreeland's property has a direct view of the north face of the subject property.  Vreeland contends that Applicant's use of the subject property raises concerns "about traffic circulation and parking, fumes and noise" resulting from the operation of the project.  Vreeland argues that these interests are not adequately represented by either the other pro se litigants, due to the differing property locations, or the Town, as the Town's appearance is limited to "monitoring" the case.

Applicant counters that Vreeland (1) raises lighting impacts experienced when the subject property was operated by a prior owner, which are unrelated to this proceeding, and (2) alleges only generic interests under site plan criteria that are adequately represented by the Town.

Here, Vreeland has an interest relating to the subject property. Vreeland's concerns regarding the traffic and noise resulting from the operation of the retail facility on his adjoining property represent a sufficient interest. See V.R.C.P. 24(a) (providing for intervention of right where "an interest relating to the property or transaction which is the subject of the action and the [party] is so situated that the disposition of the action may as a practical matter impair or impede the [party's] ability to protect that interest, unless the [party's] interest is adequately represented by existing parties"); see also In re: Appeals of Shantee Point Estates, Inc., No. 169-9-98 Vtec, slip op. at 1 (Vt. Envtl. Ct. Jan. 17, 2000) (Wright, J.) (granting party status to an adjoining landowner that used a disputed segment of road that was constructed without site plan approval). While Vreeland does not have an ownership interest in the property, Vreeland has "demonstrate[d] a greater interest in the subject matter of the [matters on appeal] than . . . other member[s] of the public." See Diverging Diamond Interchange SW Permit/Diverging Diamond Interchange Act 250/R.L. Vallee, Inc. et al MS4, Nos. 50-6-16 Vtec, 169-12-16 Vtec, and 122-10-16 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Apr. 28, 2017) (Walsh, J.) (citing Chittenden Recycling, 162 Vt. 84, 88 (1994) (assessing an intervenor's "interest" for purposes of V.R.C.P. 24(a)); In re Appeal of Nanak Hospitality PUD & Site Plan, No. 64-3-05 Vtec, slip op. at 2–3 (Vt. Super Ct. Envtl. Div. Jan. 4, 2006) (Durkin, J.) (granting abutting property owners the right to intervene).

Additionally, Vreeland's concerns addressing lighting do not solely arise from the prior owner's use as Vreeland addresses the project's "nighttime retail operations" which would "intrusively illuminat[e] the living areas of my house." Indeed, the DRB noted, in considering affects of lighting on adjacent lots under the Poultney Uniform Bylaws (PUB) § 711M and § 7110, that the project included proposed changes to outdoor lighting and increased hours of operation. Vreeland's lighting concerns are therefore within the scope of site plan review criteria for the proposed project.

Vreeland's interests are not adequately represented by the Town or other parties. As an adjoining landowner, and one that is impacted by the light, traffic, and noise generated by the subject property, he has an interest in the effects of the subject property on his use and enjoyment of his property, which differs from the interest of the Town in ensuring compliance with the PUB. See In re: Appeals of Shantee Point Estates, Inc., No. 169-9-98 Vtec at 1–2 (Jan. 17, 2000) (distinguishing an adjoining landowner's property interest from the Town's interest in enforcing the standards in the zoning regulations); see also Wright & Boester Conditional Use App. Appeal, No. 31-3-18 Vtec, slip op. at 1 (Vt. Super Ct. Envtl. Div. Sept. 3, 2020) (Durkin, J.) (permitting adjoining landowners that expressed agreement with a DRB's denial and were denied interested party status under 24 V.S.A. § 4465 as intervenors); see also Wright & Boester Conditional Use App. Appeal, No. 31-3-18 Vtec, slip op. at 5 (Vt. Super Ct. Envtl. Div. Mar. 28, 2019) (Durkin, J.) (denying interested party status under 24 V.S.A. § 4465). Here, the Town's interest in ensuring proper enforcement and administration of its bylaws does not adequately represent or encompass adjoining landowners' particular personal interests in impacts arising from Applicant's project. See Diverging Diamond Interchange, Nos. 50-6-16 Vtec, 169-12-16 Vtec, and 122-10-16 Vtec at 2 (Apr. 28, 2017). Moreover, Vreeland's interests are distinguishable from those of the other Neighbors because the specific impacts attributable to his particular location in proximity to the subject property. See id. (distinguishing an intervenor's interest as

"limited to a small portion" of a project in comparison to "the project as a whole"). Vreeland has noted that the proposed entrance to the project is approximately 50 ft. from his property and that Applicant's building is 10 ft. from his south property line, such that Vreeland can view the north face of Applicant's building from the living space within Vreeland's residence. Given this particular proximity and the nature of Vreeland's concerns, his interests are particular and not adequately represented by existing parties.

For the reasons articulated above, we **GRANT** Vreeland's motion to intervene pursuant to V.R.C.P. 24(a) and 10 V.S.A. § 8504(n)(6).

## II. Linda Pepler

Linda Pepler (Pepler) owns and resides in property located at 80 Beaman St. in Poultney, Vermont. Pepler's property is directly across the street from Applicant's property. Pepler's property has a direct view of the Applicant's parking area and main entrance of the Project. In her motion, Pepler contends that use of the subject property for retail would decrease her property's value and significantly increase vehicle and foot traffic, noise, light, and gas fumes. As an adjoining property owner directly across the street from the subject property, Pepler notes that she can "see and hear" Applicant's property from every room in her residence and raises particular concern with potential noise and light impacts.

Applicant again argues that the alleged lighting impacts relate to when the subject property was operated by a prior owner and are therefore not relevant in this proceeding. Applicant also counters that decrease in property value is not a relevant criterion under site plan review and the interests expressed are adequately represented by the Town.

Pepler provides a sufficient showing of interest as an adjoining property owner in the Applicant's use of the subject property for parking purposes and the resulting impacts upon traffic circulation, noise, and light. See In re Appeal of Nanak, No. 64-3-05 Vtec at 2–3 (Jan. 4, 2006). Of particular concern to Pepler is the proposed change in operational hours and associated traffic safety issues arising from an increase in "up to 84" parking spaces. We do, however, note that impacts upon property value are not an issue pertinent to site plan review standards. Margaret Pratt Assisted Living Site Plan, Conditional Use and Act 250 Approvals, No. 100-8-15 Vtec, slip op. at 22 (Vt. Super. Ct. Envtl. Div. June 21, 2016) (Durkin, J). Additionally, as indicated above, while any lighting concerns directed at prior use of the property are not relevant in this proceeding, light impacts from the proposed project are a criterion of site plan review. Here, Pepler has demonstrated both an interest related to the subject property and "is so situated that the disposition of th[is] action may as a practical matter impair or impede" the protection of this demonstrated interest. See Diverging Diamond Interchange, Nos. 50-6-16 Vtec, 169-12-16 Vtec, and 122-10-16 Vtec at 3 (Apr. 28, 2017).

For the same reasons addressed above, Pepler's interest is distinguishable from that of the Town and other parties due to particular location of her property and its associated impacts from the subject property. For these reasons, we **GRANT** Pepler's motion to intervene pursuant to V.R.C.P. 24(a) and 10 V.S.A. § 8504(n)(6).

4

### III.     Rebecca and Walter Riberio

Rebecca and Walter Riberio (together, the Riberios) own and reside in property located at 55 Church St. in Poultney, Vermont.  The south line of the Riberios' property abuts Applicant's property, such that the north face Applicant's property is visible from the rear of the Riberios' residence.  The Riberios raise particular concern with the potential lighting used for the parking area, odors associated with the proposed location of dumpsters on the subject property affecting the Riberios' use and enjoyment of their property, and the associated noise with the operation of the proposed retail building.

Applicant counters that the Riberios raise generic interests under the site plan review criteria, which are adequately represented by the Town.  We disagree.  Consistent with our analysis above, the Riberios' have demonstrated an interest particular to their location, which would not be adequately represented either by the Town or other parties.

Furthermore, the Riberios have also demonstrated an interest greater than other members of the general public as adjoining property owners.  The Riberios express a keen interest in the "unpleasant odors, pests, and insects" generated by the proposed dumpsters near their property that would "affect how [the] family spends time in the backyard" and the associated noise from the proposed operational hours of the project.  Here, the Riberios have demonstrated an interest related to the subject property and a reasonable likelihood that this interest could be impaired by the outcome of this action.  For these reasons, we **GRANT** the Riberios' motion to intervene pursuant to V.R.C.P. 24(a) and 10 V.S.A. § 8504(n)(6).

### IV.     John G. Swenor

John G. Swenor (Swenor) owns property located at 88 Main St. in Poultney, Vermont, which borders Applicant's property.  Swenor's property, an HUD Section 8 housing project for elderly and disabled, is situated such that the apartments overlook the applicant's property. Swenor contends that the proposed project's noise and traffic would disturb the livability of the tenants, diminish Swenor's property value, and impact Swenor's ability to secure new tenants.

Applicant argues Swenor's interests are adequately represented by the Town, devaluation of property is not a relevant criteria under site plan review, and that Swenor is improperly raising a claim on behalf of a third party, the tenants.[3]

This Court has previously recognized an adjoining landowner's right to intervene where the landowner raised a "property interest in the effect of the [subject property] on his property and *his tenants*."  See In re: Appeals of Shantee Point Estates, Inc., No. 169-9-98 Vtec at 1 (Jan.

---

[3] Applicant also raises a concern that it is unclear whether the intervening party is Swenor or the entity "Schoolhouse Apartments." This concern arises as Swenor included a signature on his motion to intervene listing "Schoolhouse Apartments, By: John Swenor." We note here that Swenor has participated thus far in this proceeding and before the DRB as an interested person in his individual capacity. See Poultney Properties LLC Change of Use & SP App., No. 98-7-17 Vtec, slip op. at 1 (Feb. 4, 2021). In his motion, Swenor states that his "interest in this matter is that [he is] the owner of Schoolhouse Apartments, the adjoining property." This, in addition to Swenor's history of involvement, indicates Swenor's participation in this proceeding in his individual capacity.

17, 2000) (emphasis added). Thus, as an adjoining landowner, and one impacted by the noise and traffic of the proposed project, Swenor has an interest in the subject property's impacts upon his property. See In re Appeal of Nanak, No. 64-3-05 Vtec at 2–3 (Jan. 4, 2006) (noting that abutting landowners may file for "intervention as of right"). The devaluation of Swenor's property, however, is not an issue pertinent to site plan review standards. See Margaret Pratt Assisted Living Site Plan, No. 100-8-15 Vtec at 22 (June 21, 2016).

As noted above, the Town does not adequately represent the interests of adjoining landowners' properties where a landowner has raised impacts particular to their property's location. Thus, as Swenor's interests in preserving the use and enjoyment of his property that may be impacted by this matter's ultimate disposition are not adequately represented, Swenor may intervene as a matter of right. For these reasons, we **GRANT** the Swenor's motion to intervene pursuant to V.R.C.P. 24(a) and 10 V.S.A. § 8504(n)(6).

### Conclusion

For the reasons above, we **GRANT** the motions to intervene filed by John G. Swenor, Neal C. Vreeland, Linda Pepler, and Rebecca and Walter Riberio. As these persons are entitled to intervene as a matter of right, we do not reach the issue of permissive intervention or intervention as an aggrieved person. V.R.C.P. 24 (b).

This matter will be scheduled for a status conference. Please see the related notice. All parties shall be prepared to discuss moving this matter to a merits hearing. The Court will address the timing of potential in-person proceedings and also evaluate proceedings being held at Costello Courthouse in Burlington, Vermont.

Electronically Signed: 6/23/2021 8:49 AM pursuant to V.R.E.F. 9(d).

Thomas G. Walsh, Judge
Superior Court, Environmental Division