FILED

APR 2 7 2010

VERMONT
ENVIRONMENTAL COURT

STATE OF VERMONT

ENVIRONMENTAL COURT

}
In re DeSimone and Moisis Family Trust    }      Docket No. 247-12-09 Vtec
Conditional Use Application    }
}

## Decision and Order on Motion to Dismiss Parties

Appellant-Applicants Mary DeSimone and the Moisis Family Trust appealed from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Rockingham, denying their conditional use application for a crematorium with an associated chapel. The proposed project is located in the Village of Bellows Falls, within the Town of Rockingham. Appellant-Applicants are represented by Liam L. Murphy, Esq. and Pamela A. Moreau, Esq.; and the Town is represented by Stephen S. Ankuda, Esq. Ms. Evelyn F. Weeks and Mr. Andrew E. Smith have each entered appearances as interested parties representing themselves.

Appellant-Applicants have moved to dismiss Mr. Smith and Ms. Weeks as parties to this appeal, asserting that neither one qualifies as an "interested person" under 24 V.S.A. § 4465.

## Procedural History

In their application submitted to the ZBA, Applicants seek conditional use approval to construct a crematorium and a chapel within an existing building located at 30 Island Street in the Village of Bellows Falls.[1] The ZBA reviewed the conditional use

---

[1] The application also sought site plan approval and design review for the project, which is within the jurisdiction of the Planning Commission rather than that of the ZBA. In Rockingham, the ZBA and the Planning Commission are separate municipal panels, rather than a combined development review board, although the two panels are

1

application during two warned public hearings held on October 21 and November 18, 2009. The ZBA issued its written decision denying the conditional use application on November 23, 2009 (the ZBA Decision); Appellant-Applicants filed a timely appeal of the ZBA Decision with this Court.

As noted in the ZBA Decision, the ZBA consists of seven members, two of whom recused themselves from consideration of the application due to a conflict of interest and one of whom was not present, leaving only four members to vote on the application. ZBA Decision, at 4–5. Because "a majority of the full board, rather than merely a majority of those present, must concur to exercise the [ZBA]'s authority," four votes were needed in order to approve the application. In re: Walsh d/b/a Deerwood Estate Conditional Use Application, No. 122-6-09 Vtec, slip op. at 22 (Vt. Envtl. Ct. Dec. 9, 2009) (Wright, J.) (citing 1 V.S.A. § 172; In re Reynolds, 170 Vt. 352, 356 (2000)). As reflected in the ZBA decision, only three members voted in favor of the application, and one member voted against it. ZBA Decision, at 4. Because the application did not receive a positive vote from at least four ZBA members, it was denied. Id.

After Appellant-Applicants appealed the ZBA denial to this Court, Mr. Smith and Ms. Weeks each entered an appearance in this matter. Appellant-Applicants have now moved to dismiss Mr. Smith and Ms. Weeks as parties to this appeal, on the ground that neither party qualifies as an "interested person" under 24 V.S.A. § 4465.

---

made up of the same members. See 24 V.S.A. § 4460(b) ("The board of adjustment . . . may consist of the members of the planning commission . . . or may include one or more members of the planning commission . . . ."); id. § 4462 ("If more than one type of review is required for a project, the reviews, to the extent feasible, shall be conducted concurrently."). The Planning Commission granted site plan approval for the proposed project in the same written decision in which the ZBA addressed Applicants' conditional use application. The factual findings in the decision were made jointly by the ZBA and the Planning Commission. The conclusions in the decision were made separately by the ZBA (for conditional use review) and by the Planning Commission (for site plan and design review). The Planning Commission's grant of site plan approval and design review is not at issue in the present appeal.

2

It is important to note again at the outset, as the Court noted in its March 3, 2010 entry order, that only Appellant-Applicants have filed an appeal of the ZBA Decision denying their application. Mr. Smith and Ms. Weeks have not filed an appeal and therefore cannot raise any issues in this appeal. See V.R.E.C.P. 5(f) (stating that the appeal is limited to those issues included in the Statement of Questions, which is only filed by a party appellant). Instead, Mr. Smith and Ms. Weeks have merely entered their appearances in this matter as interested parties, as provided in V.R.E.C.P. 5(c) and 10 V.S.A. § 8504(n)(5).

Because neither Mr. Smith nor Ms. Weeks has filed an appeal or cross-appeal, the question of whether either "participated" in the ZBA hearings is irrelevant to their ability to participate as an interested party in the appeal filed by Appellant-Applicants. Such participation at the municipal level is only a prerequisite to filing an appeal as an appellant or cross-appellant, not to participating as an "interested person" in an appeal filed by another. Compare 24 V.S.A. § 4471(a), and 10 V.S.A. § 8504(b)(1) (requiring both qualification as an "interested person" as defined by 24 V.S.A. § 4465(b) and prior "participation" as defined by 24 V.S.A. § 4471(a) in order to file an appeal with the Environmental Court), with 10 V.S.A. § 8504(n)(5), and V.R.E.C.P. 5(c) (requiring only qualification as an "interested person" as defined by 24 V.S.A. § 4465(b) to enter an appearance and participate in an appeal filed by another with the Environmental Court). In addition, a party seeking to participate in a municipal appeal who does not qualify as an "interested person" may nevertheless intervene in the appeal if that person meets the standards for intervention in the Vermont Rules of Civil Procedure (V.R.C.P. 24). 10 V.S.A. § 8504(n)(6). No party has sought to intervene under 10 V.S.A. § 8504(n)(6) at this time.

All that is before the Court in the present motion is whether Mr. Smith and Ms. Weeks qualify as "interested persons," as that term is defined in 24 V.S.A. § 4465(b), so that they may continue to participate in this appeal. Regardless of whether they

3

continue to participate, the only issues before the Court in this appeal are those raised by Appellant-Applicants in their Statement of Questions. V.R.E.C.P. 5(f); see also In re Garen, 174 Vt. 151, 155 (2002) (stating that "the rules governing appeals in the environmental court do not provide for an intervening party to augment the issues on appeal").

Scheduling Order Regarding Appellant-Applicants' Statement of Questions

In an appeal before this Court, the Statement of Questions filed by the appellant governs the scope of the appeal. V.R.E.C.P. 5(f). In their Statement of Questions, Appellant-Applicants raise only the following three questions:

> 1. Is it appropriate to deny conditional use approval for the application in light of the positive findings of fact made by the majority of the board present and voting?

> 2. Is it appropriate to deny conditional use approval for the application in light of the failure of the sole dissenting vote to set forth as [sic] reasons for such dissenting vote?

> 3. Is it appropriate to deny conditional use approval for the application in light of the positive findings of fact and Site Plan approval of the application by the Zoning Board of Adjustment?[2]

All three questions in the Statement of Questions ask the Court only to review the appropriateness of the ZBA's actions, rather than asking this Court to make a de novo decision on the merits of the conditional use application without regard to the ZBA's vote or the Planning Commission's site plan approval. However, because the Town of Rockingham has not adopted and implemented the procedures necessary for

---

[2] As discussed in footnote 1, above, although the factual findings in the decision were made jointly by the ZBA and the Planning Commission, the conclusions and decision for site plan and design review were made only by the Planning Commission.

on-the-record appeals, see 24 V.S.A. § 4471(b), the appeal of the ZBA decision to this Court is de novo. V.R.E.C.P. 5(g); 10 V.S.A. § 8504(h).

In a de novo appeal such as this one, the Court "hear[s] the evidence anew 'as if it had not been heard before and as if no decision had been previously rendered.'" In re Godnick Family Trust Permit & Variance Application, No. 52-4-09 Vtec, slip op. at (Vt. Envtl. Ct. Jan. 6, 2010) (Durkin, J.) (quoting State v. Madison, 163 Vt. 360, 370 (1985)). In reviewing the application anew, the Court is "instructed to apply 'the substantive standards that were applicable before the tribunal appealed from.'" Id. (quoting 10 V.S.A. § 8504(h)).

Therefore, the Court does not review the appropriateness of the ZBA's actions, as the Statement of Questions seems to ask; rather, if a statement of questions raises issues regarding the merits of the application, the Court ordinarily hears evidence and considers whether to grant or deny the requested approval. Accordingly, the Court will proceed in this case to address only the essentially procedural issues raised by the Statement of Questions—regarding whether it was appropriate for the ZBA to deny the application on a 3–1 favorable vote—unless Appellant-Applicants wish to move to amend their Statement of Questions. If they wish to do so, they may file any such motion on or before May 14, 2010.


Interested Person Party Status

Section 4465(b) of Title 24 defines five categories of "interested persons." The only category applicable to Mr. Smith and Ms. Weeks in the present case is § 4465(b)(3), governing the standing of individuals.[3] Section 4465(b)(3) contains "three elements of

---

[3] The other four categories of "interested person," defined in 24 V.S.A. §§ 4465(b)(1), (2), (4) and (5), pertain to (1) the applicant or other property owner whose property is the subject of the case; (2) the municipality whose plan or bylaw is at issue in the case; (4) a

5

standing" required of an individual seeking interested person status. In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 6 (Vt. Envtl. Ct. Jan. 16, 2008) (Wright, J.) (quoting 24 V.S.A. § 4465(b)(3)). Specifically, 24 V.S.A. § 4465(b)(3) requires an interested person to meet three distinct elements: to own or occupy property "in the immediate neighborhood" of the proposed project; to "demonstrate a physical or environmental impact" on the person's interest "under the criteria reviewed"; and to allege that the decision on appeal, "if confirmed," will not be "in accord with the policies, purposes, or terms of the [municipal] plan or bylaw." Id.; see also, e.g., Appeal of Yates, No. 158-9-04, slip op. at 5 (Vt. Envtl. Ct. Apr. 17, 2007) (Durkin, J.) (discussing the requirements of § 4465(b)(3)). In their motion, Appellant-Applicants argue that neither Ms. Weeks nor Mr. Smith meets any of the requirements of § 4465(b)(3).

Any analysis of standing under § 4465(b)(3) requires an understanding of the layout and context of the neighborhood of the proposed project, to the extent that those facts are not contested. As described in the ZBA Decision, the project is proposed to be developed in an existing building located at 30 Island Street, which is in an Industrial 14 and a Design Review zoning district in the so-called Island area of the Town. DRB Decision, at 2. The Island area is an area of old industrial buildings, separated from the downtown commercial area of the Village of Bellows Falls by a canal to the west of the Island; two bridges provide access over the canal from the downtown commercial area of the Village to the Island area. Id. The Connecticut River borders the Island area to the north, east, and south. Id.

The project building was previously used at various times for a 25-seat restaurant, for a 50-seat lounge, and for a food manufacturing use. Id. at 1. Appellant-Applicants have received approval to operate a clothing manufacturing use in a portion of the building. Id. The project at issue in the present case proposes a 50-seat chapel

---

group of at least ten citizens or property owners of the municipality wishing to challenge a proposal or action; and (5) certain state entities.

and a two-unit propane-fueled crematorium, one allocated to the cremation of pets and one to human remains; two smokestacks are proposed for the project. Id.

To the north and east of the project property are a railroad yard and a train station that is used for seasonal excursion train rides. Id. at 2. To the east of the project property is a paper manufacturer; to the south of the project property is an auto repair business with a retail auto parts shop; and to the west, the project property is bounded by the tracks serving Central Vermont Railroad. Id. Across the railroad tracks from the project property, but still in the Island area and the Industrial 14 zoning district, is a municipal property known as the Waypoint Center, which is used for a welcome center and for chamber of commerce offices. Id. The project proposes to use the parking facilities of the Waypoint Center. Id.

Mr. Smith's "Interested Person" Status

Based on Mr. Smith's March 15, 2010 filing, Mr. Smith does not qualify as an "interested person" under 24 V.S.A. § 4465(b)(3) because his property is not in the "immediate neighborhood" of the project property. He also has not demonstrated what "physical or environmental impact" the project will cause on his interest "under the criteria reviewed," that is, under the conditional use criteria in the Town of Rockingham zoning ordinance.[4]

Mr. Smith and his wife live and work at their residential property, located at 126 Atkinson Street (Route 5), which runs in a north-south direction several blocks to the west of the canal. Smith Response to Motion to Dismiss, at 1 (Mar. 15, 2010) [hereinafter Smith Response]; see also Appellant-Applicants' Exhibits C & D (aerial photos of the area surrounding the project property). The Smith property is located 2250 feet, or

---

[4] The parties have not provided the ordinance or the criteria applicable to conditional use approval; the ZBA Decision states that the conditional use criteria are found in § 1413 of the zoning ordinance. ZBA Decision, at 3.

7

approximately a half mile, to the north and west of the project property. Smith Response, at 1; Appellant-Applicants' Exhibits C & D. Due to the relative locations of the two properties, the proposed project is not visible from the Smith residence.

The determination of whether an individual is in the "immediate neighborhood" of a proposed project is not strictly based on distance, but instead depends on "whether the [party] potentially could be affected by any of the aspects of the project which have been preserved for review on appeal." See In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 6 (quoting In re: Bostwick Road 2-Lot Subdivision, No. 211-10-05 Vtec, slip op. at 2–3 (Vt. Envtl. Ct. Feb. 24, 2006) (Durkin, J.), aff'd, No. 2006-128 (Vt. Jan. 2007) (unpublished mem.)). This test is similar to the second requirement of 24 V.S.A. § 4465(b)(3): that the project must have the potential to cause a physical or environmental impact on the interested person's interest.

Although Mr. Smith states in his response that he is able to demonstrate a potential "physical or environmental impact on [his] interest, and on the interest of [his] family and property," Smith Response, at 1, he has not given any information as to what that impact might be, if anything. He has failed to provide any statement or evidence demonstrating any actual or potential "physical or environmental impact" from the proposed project that is specific to him or his property, as opposed the project's potential effect in general.[5] Further, Mr. Smith has not demonstrated any link to such a physical or environmental impact "under the criteria reviewed," that is, under the conditional use criteria.

Accordingly, because Mr. Smith's property is not in the "immediate neighborhood" of the project property, and because he has not demonstrated what

---

[5] Without such a physical or environmental impact, the statute requires a group of ten or more citizens or property owners in a municipality to group together, in order to challenge action that they believe is contrary to that municipality's policies. 24 V.S.A. § 4465(b)(4).

"physical or environmental impact" the project will cause on his interest "under the criteria reviewed," he does not qualify as an "interested person" under 24 V.S.A. § 4465(b)(3). Appellant-Applicants' motion to dismiss him as a party must therefore be granted.

Ms. Weeks' "Interested Person" Status

Appellant-Applicants also argue that Ms. Weeks fails to qualify as an "interested person" under 24 V.S.A. § 4465(b)(3). Although Ms. Weeks' residence is farther from the project property than is Mr. Smith's, she does not assert "interested person" status due to the location of her residence. Rather, she claims "interested person" status under 24 V.S.A. § 4465(b)(3) due to her work location in the Waypoint Center, which is located immediately across the railroad tracks from the project property. Weeks Response to Motion to Dismiss, at 1 (Mar. 11, 2010) [hereinafter Weeks Response].

The Waypoint Center is part of the Connecticut River National Byways program; it serves tourists traveling in the region, provides local historical information, and rents space for business conferences. Id. The Waypoint Center hosts tourist-focused and local events such as Rockingham Old Home Days, a Farmers' Market, Alumni Weekend, Santa Claus Train, Thomas the Train, barbecues, school picnics, and other school functions. Id. The proposed crematorium will be located directly outside Ms. Weeks' office window in the Waypoint Center, where she has worked for seven years. Id.

As to the first requirement of § 4465(b)(3), Ms. Weeks "occup[ies] property in the immediate neighborhood" of the project property. Nothing in § 4465(b)(3) limits such "occupancy" of property to the use of property as a residence, any more than it limits ownership of property only to residential properties. Rather, § 4465(b)(3) allows either an owner or an occupier of property to qualify as an "interested person," whether the property is residential, commercial, industrial, or in some other use.

9

The second element of § 4465(b)(3) requires the interested person to demonstrate a potential "physical or environmental impact" on his or her interest "under the criteria reviewed." Ms. Weeks has shown a potential physical or environmental impact on her interest in her work environment that is different from the project's potential effect in general. The project's smokestacks are proposed to be located directly outside her office window, so that the potential for the emission of "ash," "soot," and "odor" from the crematorium could have a physical or environmental effect on her interest. Id. Also, because no parking is available on the project property's lot, the project has the potential for an effect on the parking available in the Waypoint Center lot. Id. These potential effects relate to several of the applicable conditional use criteria, such as the requirement that the project not adversely affect the character of the area.[6] Therefore, Ms. Weeks satisfies the second requirement for party status under § 4465(b)(3), and Appellant-Applicants' motion to dismiss her as an interested party under the first or second element of § 4465(b)(3) must be denied.

Appellant-Applicants also argue that the Court should dismiss Ms. Weeks because she has failed to "show that the Project, if approved 'will not be in accord with the policies, purposes, or terms of the plan or bylaw' of the municipality." Appellant-Applicants' Motion to Dismiss, at 1–2 (Feb. 26, 2010). By this statement, Appellant-Applicants appear to imply that Ms. Weeks has failed to meet the third element under § 4465(b)(3). However, Appellant-Applicants' formulation of the third element misrepresents what is required by that provision. Instead, the final clause of § 4465(b)(3) requires that the interested person claim "that the decision or act [being appealed], if confirmed, will not be in accord with the policies, purposes, or terms of the [municipal] plan or bylaw." In the present case, the decision or act on appeal is the

---

[6] See ZBA Decision, at 3 (listing the conditional use criteria found in § 1413 of the Zoning Bylaw).

10

decision to deny the permit. Ms. Weeks appears to support that denial rather than to claim that the denial would be contrary to the municipal plan or bylaw.

As Appellant-Applicants have not addressed in their memorandum the actual language of the third element of § 4465(b)(3), their motion to dismiss Ms. Weeks as a party under this element of § 4465(b)(3) is also denied, but with leave to renew the motion on this ground if they wish to brief this argument more fully. Ms. Weeks therefore remains a party at this time. See V.R.E.C.P. 5(d)(2) (stating that a person wishing to enter an appearance as an interested party "will be accorded party status unless the court otherwise determines on its own motion, on motion to dismiss a party, or on a motion to intervene").

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Applicants' Motion to Dismiss Mr. Smith and Ms. Weeks as interested parties is GRANTED as to Mr. Smith, and DENIED as to Ms. Weeks, with leave to renew as discussed above.

On or before May 14, 2010, Appellant-Applicants may file any motions to amend their Statement of Questions, as discussed above, and may file any renewed motion to dismiss Ms. Weeks. Responses to any such motions may be filed on or before June 1, 2010; any replies to such responses may be filed on or before June 9, 2010.

Any motion to intervene under V.R.C.P. 24 (copy enclosed), as provided in 10 V.S.A. § 8504(n)(6), shall be filed on or before May 20, 2010. Responses to any such motion may be filed on or before June 1, 2010; any replies to such responses may be filed on or before June 9, 2010.

Of course, the proceedings in this matter remain open to the public. Any person dismissed as a party who wishes to remain on the Court's mailing list to receive an

11

informational copy of any notices issued by the Court may so request the Court staff in writing (2418 Airport Rd., Barre, VT 05641) or by telephone (802-828-1660).

Done at Berlin, Vermont, this 27th day of April, 2010.

Merideth Wright
Environmental Judge

# RULE 24. INTERVENTION

(a) **Intervention of Right.** Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) **Permissive Intervention.** Upon timely application anyone may be permitted to intervene in an action: (1) when a statute confers a conditional right to intervene; or (2) when an applicant's claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.