STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Kaminsky House Replacement Application | } | Docket No. 269-11-06 Vtec |
| (Appeal of Fiorenza, et al.) | } | |
| | } | |

Decision and Order on Motion to Dismiss

The above-captioned case was filed as an appeal from a decision of the Development Review Board (DRB) of the City of Burlington, approving Appellee-Applicants Gary Kaminsky and Christine Kaminsky's application to demolish an existing single-family house at 125 South Cove Road in the Waterfront Residential Low Density zoning district and replace it with a new, much larger single-family house, swimming pool, and associated site modifications. Appellee-Applicants are represented by Carl H. Lisman, Esq.; the City of Burlington is represented by Kimberlee J. Sturtevant, Esq. Appellee-Applicants have moved to dismiss the appeal.

This appeal was filed on November 22, 2006 by a group of ten persons[1], each of whom signed the notice of appeal, which claimed standing as a group under 24 V.S.A. §4465(b)(4). The group had not filed a petition when this matter was pending before the DRB, as required by §4465(b)(4) for group standing under that section. On December 12, 2006, one of the ten group members, Sarah Goodrich, notified the Court that she was withdrawing from the appeal.

Before the time had elapsed within which to schedule the initial conference in this matter, on December 13, 2006, the Court on its own motion issued an entry order noting

---

[1] Ann Fiorenza, Robert Fiorenza, Martin Kuehne, William Stuono, Charles Goodnight, Sarah Goodrich, Lori Stevens, David Babbott, Elisa Nelson, and Catherine Suiter.

1

that the withdrawal would bring the group below the number required for party status under 24 V.S.A. §4465(b)(4). That order stated that "any of the other members of the group wishing to pursue the appeal as an individual appellant under [24 V.S.A.] §4465(b)(3) shall file a statement of their grounds for standing under that section" by December 29, 2006.

On December 14, 2006, Ann Fiorenza, Robert Fiorenza, Charles Goodnight and Elisa Nelson filed entries of appearance on their own behalf, but did not file statements of why they believed they qualified for party status under 24 V.S.A. §4465(b)(3). An unsigned Statement of Questions was also filed on the same day, under a cover letter requesting a delay in the appeal for the purpose of pursuing mediation, signed by Elisa Nelson "on behalf of" seven of the original members of the group: Ann Fiorenza, Robert Fiorenza, Martin Kuehne, William Stuono, Charles Goodnight, Lori Stevens, and Catherine Suiter. No explanation in that or the January 18, 2007 cover letter discussed below explains why David Babbott is no longer listed as a potential appellant.

On December 28, 2006, Donna L. Parrish, of 19 Dunder Road, filed a request to "join the appeal" of the DRB decision at issue in this matter "under 24 V.S.A. §4465(b)(4)." By fax on December 29, 2006, followed by an original filed on January 3, 2007, Linda S. Borman, of 169 South Cove Road, filed an identically-worded request. Neither of these requests stated any facts as to the criteria for party status under either §4465(b)(4) or §4465(b)(3).

On January 9, 2007, Appellee-Applicants moved to dismiss the appeal. The Court held an in-person conference at the Costello Courthouse in Burlington on January 10, 2007, at which Attorney Lisman appeared for the Appellee-Applicants, and Attorney Sturtevant appeared for the City. Of the individuals seeking party status, only Ms. Nelson and Mr. Stuono appeared for the conference.

At the conference, the Court explained the difference between party status under §§4465(b)(3) and (b)(4) and that a (b)(4) group would in any event have had to have filed

a petition, as provided in that section, when this matter was pending before the DRB. The Court explained generally that a group of unrepresented appellants could select spokespersons to participate in pretrial proceedings (indeed, §4465(b)(4) requires this), but that a non-attorney could not represent another individual.

Because the motion to dismiss was already pending, and because most of the potential individual appellants were not present in Court, the Court set a deadline of January 19, 2007, for any further filings on any individuals' claims for party status under §4465(b)(3), as well as their responses to the motion to dismiss, and issued a written entry order on January 12, 2007 that was sent to all the potential individual appellants and to the two additional people who had requested to "join in the appeal."

On January 18, 2007, Ms. Nelson again wrote a letter to the Court constituting her response to the motion to dismiss. None of the other parties filed an argument in response to the motion to dismiss. Like the December 14, 2006 letter, this letter was signed only by Ms. Nelson but stated that it was "on behalf of" six of the original members of the group: Ann Fiorenza, Robert Fiorenza, Martin Kuehne, William Stuono, Charles Goodnight, and Catherine Suiter, plus the two people who had filed requests to "join in" the appeal: Donna Parrish and Linda Borman. No mention was made of Lori Stevens or David Babbott.

The January 18 letter stated that all of the "continuing appellants would like to proceed" under §4465(b)(3), stating that:

> We all live directly on South Cove Road, or on Austin Drive which is the only access to South Cove Road. Our property will be greatly affected by this project. We all also have a deeded interest in the South Cove Beach and Recreation area, which is only 200 feet from the subject property. Additionally, we are members of the South Cove Association, whose primary function is to manage and protect our neighborhood.

Also on January 18, 2007, the following individuals filed requests for party status to "continue to appeal the DRB ruling as an individual appellant" under §4465(b)(3): William

3

Stuono, Martin Kuehne, Ann Fiorenza, Robert Fiorenza, Catherine Suiter, Charles Goodnight, and Elise Nelson. While the separate statements contain much substantially-identical material, they also state the individuals' specific arguments and will be addressed separately below.

First, neither David Babbott nor Lori Stevens provided the filings required by the court orders, even by the extended deadline. Therefore, they are dismissed as parties.

As Appellee-Applicants note in their March 7, 2007 memorandum, the timely filing of a notice of appeal by a qualified appellant is jurisdictional. In the present case, at the time of the filing of the notice of appeal, the appellant was a group of ten persons filing under 24 V.S.A. §4465(b)(4). They did not initially file the appeal as individuals due to incorrect information given the group by the City's representatives; therefore, although the failure of the group as a group to have filed the petition required under that section prevents the appeal from proceeding with the §4465(b)(4) group appellant, they were given the opportunity to convert the appeal to one filed by qualified individuals under §4465(b)(3), as it would have resulted in manifest injustice if those qualified individuals' rights to appeal were disallowed. 10 V.S.A. §8504(b)(2)(C); V.R.E.C.P. 1.

Appellee-Applicants argue that the failure of the remaining group members to file their claims for individual party status by the original deadline of December 29, 2006 should result in the dismissal of the appeal. However, as became apparent in the in-person conference on January 10, 2007, the group appellants mistakenly attempted instead to add two more members to the group by the filings of Donna Parrish and Linda Borman, which were made by the original deadline. As a result of the conference, the Court extended the deadline by one week (from the date of the entry order issued two days after the conference), and such new filings as were made were made within that extended deadline. Accordingly, the motion to dismiss the individual appeals as untimely is DENIED.

However, not all of the members of the original appellant group have demonstrated

4

party status as an individual appellant, even assuming[2] that they all participated as required in the proceedings before the DRB.

To have party status as an individual appellant, a person must meet all three of these elements for individual party status under 24 V.S.A. §4465(b)(3), as well as the requirement from 24 V.S.A. §4471(a) that the person had participated before the DRB, which consists of "offering, through oral or written testimony, evidence or a statement of concern relating to the subject of the proceeding." 24 V.S.A. §4471(a). That is, each individual's claim for party status must 1) explain specifically where that person owns or occupies property in the immediate neighborhood of the project; 2) explain what physical or environmental impact on that person's interest[3] is claimed to result from the project, under the standards from the zoning ordinance applicable to the project;[4] and must 3) allege that the DRB

---

[2] The DRB decision attached to the notice of appeal did not list the people who had participated in the October 23, 2006 hearing, although the list of interested parties provided by the City includes Mr. Stuono and Mr. Kuehne, from which we may deduce that they did, in fact, participate. However, see requirement in first partial paragraph on page 9, below.

[3] Unlike a group which has party status under 24 V.S.A. §4465(b)(4), a general philosophical position on proposed development, or an individual's position as a citizen of the municipality, is not sufficient to meet this requirement.

[4] Based on the DRB decision, it appears that the dimensional requirements for the WRL district and the Design Review criteria are applicable to this case, and that the DRB, and hence this Court, may impose conditions relating to blasting. The Design Review criteria include §6.1.10(a), addressing the relationship of the proposal to its environment, including to established neighborhood patterns, and §6.1.10(c) addressing open space, including its visibility for persons passing or overlooking the project site from neighboring properties. The parties have not provided the Court with any applicable standards from the Ordinance that may be pertinent to stormwater runoff, property values, energy usage, the view of the property from the lake, or the potential for future conversion of the house to multi-family use. Unless a criterion in the Ordinance applicable to this project relates to the effects of stormwater runoff, property values, energy usage, the view of the property

5

decision, if confirmed, will not be in accord with the policies, purposes, or terms of the City's municipal plan or zoning ordinance.

Each of the filings adequately makes out the claim, for the purposes of determining standing, that the decision, if confirmed, will not be in accord with the policies, purposes, or terms of the City's municipal plan or zoning ordinance. However, Appellee-Applicants are correct that the parties do not cite specifically to provisions of the plan or ordinance. The issues in any appeal are defined by those raised in the statement of questions, which are subject to motions to dismiss as beyond the scope of the zoning ordinance; any remaining issues, of course, must be supported by evidence in the de novo trial.

As neither the Appellants nor Appellee-Applicants provided a map to orient the Court, the Court hereby takes judicial notice[5] of the street map of Burlington. South Cove Road is a loop road extending southerly from Austin Drive, with an easterly and a westerly outlet onto Austin Drive. The westerly portion of the loop road is the closest roadway to Lake Champlain at that location. The project property (125 South Cove Road), 128 South Cove Road, and 169 South Cove Road are located on the westerly portion of the loop road; 169 South Cove Road is located close to or at the southerly end of the westerly portion of the loop. 241 South Cove Road is located on the easterly portion of the loop road, close to and somewhat southerly of the project property and of 128 South Cove Road. 352 South Cove Road is located on the easterly portion of the loop road northerly of the project property. Dunder Road is a dead-end road extending southerly from Austin Drive, roughly parallel to and easterly of the easterly portion of the loop road. 145 Austin Drive

---

from the lake, or the potential for future conversion of the house to multi-family use, those issues are not before the Court in this appeal and cannot be considered.

[5] Please advise the Court of any objection to this judicial notice or any inaccuracy in the street map or the locations of various addresses. The parties should be prepared to present a neighborhood map in evidence if any issues arise for trial as to these locations.

6

and 155 Austin Drive are located farther easterly along Austin Drive, beyond its intersection with Dunder Road.

William Stuono owns a house at 128 South Cove Road, directly across South Cove Road from the proposed project, within the immediate neighborhood of the proposed project. He also owns what he characterizes as a deeded interest[6] in the community beach, located some 200 feet from the project property. The potential for an effect on his interest due to the size and design of the proposed project in relation to its surroundings, from blasting necessary to build the lower level of the proposed house, and from the effect on the views of Lake Champlain between the houses on South Cove Road and from his house, is sufficient for his party status as an appellant.

Martin Kuehne occupies and/or owns a house at 169 South Cove Road, southerly along South Cove Road four lots from the proposed project, within the immediate neighborhood of the proposed project. The potential for an effect on his interest due to the size and design of the proposed project in relation to its surroundings, and from the effect on the views of Lake Champlain between the houses near to his on South Cove Road, is sufficient for his party status as an appellant.

Ann and Robert Fiorenza each signed an identically-worded statement and will be discussed together. They own a house at 241 South Cove Road on the easterly portion of

---

[6] It is not clear to the Court from the parties' filings whether it is the individual homeowners or the South Cove Association that owns the community beach. The Statement of Questions did not specifically address any effect on water quality from the proposed project, although Question 2 does ask whether the proposal "with its extensive lot coverage" will "negatively impact" the neighborhood swimming beach. If the standards in the Zoning Ordinance applicable to this application were to address the effect of the proposed project on water quality or the beach, and if the individual Appellants (as opposed to the homeowners' association) have an ownership interest in the beach, then each of them might have qualified for standing for that reason. However, the parties have not come forward with support for standing on that basis.

7

the loop road close to and somewhat southerly of the project property and of 128 South Cove Road, within the immediate neighborhood of the proposed project. They also are what they characterize as "part owner[s] of the Association waterfront and beach access area." The potential for an effect on their interest due to the size and design of the proposed project in relation to its surroundings, and from the effect on the views of Lake Champlain between the houses on South Cove Road (and if they have a view of the proposed house and the lake from the rear of their property), is sufficient for their party status as appellants.

Catherine Suiter owns a house at 352 South Cove Road, located on the easterly portion of the loop road northerly of the project property, within the immediate neighborhood of the proposed project. While she does not allege that she can see the proposed project from her property or from the roadway near her property, the potential for an effect on her interest due to the size and design of the proposed project in relation to its surroundings, or due to blasting necessary to build the proposed project, is sufficient for her party status as an appellant.

Elise Nelson occupies a house at 155 Austin Drive and is what she characterizes as a "part owner of the Association waterfront and beach access area." Similarly, Charles Goodnight owns a house at 145 Austin Drive and is what he also characterizes as a "part owner of the Association waterfront and beach access area." Neither of these potential appellants has shown that they own or occupy property "in the immediate neighborhood" of the project, nor have they shown a "physical or environmental impact" on that person's interest other than that of residents of the general area or of the city generally.[7]

---

[7] But see footnote 6 above.

Accordingly they must be dismissed as parties appellant.[8]

Donna Parrish and Linda Borman filed too late to have party status as appellants. As the appeal is not dismissed, we will consider their requests for party status as interested parties;[9] however, they have not yet shown that they meet the standards in §4465(b)(3) for party status. Therefore, the Court will not rule on their request to participate until and unless they demonstrate their qualifications under §4465(b)(3).

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that Appellee-Applicants' Motion to Dismiss certain of the Appellants is hereby GRANTED: David Babbott, Lori Stevens, Charles Goodnight, and Elise Nelson are hereby DISMISSED as parties appellant, as they have not shown that they meet the requirements for standing under 24 V.S.A. §4465(b)(3).

However, Appellee-Applicants' Motion to Dismiss the appeal as a whole is DENIED at this time. Each of the following Appellants: William Stuono, Martin Kuehne, Ann and Robert Fiorenza, and Catherine Suiter, may continue with the appeal under 24 V.S.A. §4465(b)(3), subject to that Appellant's demonstrating that he or she participated in the DRB proceeding on October 23, 2006, as required by 24 V.S.A. §4471(a). And see In re Appeal of Carroll, 2007 VT 19. Accordingly, on or before April 9, 2007, each of these remaining Appellants wishing to proceed with this appeal shall file an affidavit with the Court describing their participation as defined in 24 V.S.A. §4471(a). Failure to file or failure to have participated will result in that Appellant's dismissal from the appeal.

---

[8] Please note that if any of these individuals has factual knowledge pertinent to the issues for trial, the remaining Appellants may call them as witnesses at trial, without regard to whether they qualify for party status.

[9] See footnote 8, above.

On or before April 9, 2007, Linda S. Borman and Donna L. Parrish shall inform the Court in writing whether or not they wish to pursue interested party status in this appeal; if so, by that date they shall each file a statement showing how they meet the requirements of 24 V.S.A. §4465(b)(3).

As the statement of questions filed on December 14, 2006 was unsigned, Appellants Stuono, Kuehne, Fiorenza and Suiter shall file a statement of questions (which may be filed on behalf of all of them if they all sign it) on or before April 9, 2007. It may not contain any additional questions beyond those filed in the original appeal of the group, In re Appeals of Garen, 174 Vt. 151, 156 (2002), but may contain fewer questions. Please also note that policy questions beyond the scope of the Zoning Ordinance may be subject to dismissal by the Court, either on its own motion or a motion from the applicants. Accordingly, the remaining Appellants may wish to consult with an attorney before filing the required statement. A telephone conference has been scheduled for April 16, 2007 (notice enclosed) to consider mediation and to schedule this matter for trial.

Done at Berlin, Vermont, this 28th day of March, 2007.

_____
Merideth Wright
Environmental Judge

10