STATE OF VERMONT

ENVIRONMENTAL COURT

|  |  |  |
|---|---|---|
| | } | |
| In re: Hitchcock 2-Lot Subdivision[1] | } | Docket No. 218-11-09 Vtec |
| (Appeal of Paynter, et al. ) | } | |
| | } | |

Decision and Order on Pending Motions

Petitioners Bruce Paynter and Kevin Blow initially appealed, as members of a 24 V.S.A. § 4465(b)(4) appellant group (Appellant Group), from a decision of the Zoning Board of Adjustment (ZBA) of the Town of Pittsford upholding the Zoning Administrator's grant of subdivision approval to Appellee-Applicant Allen Hitchcock. Petitioners represent themselves.[2] Appellee-Applicant Allen Hitchcock has entered an appearance representing himself. The Town of Pittsford is represented by David R. Cooper, Esq.

The Appellant Group was dismissed as a party by entry order of this Court issued on May 11, 2010. All that remains is whether Mr. Paynter or Mr. Blow, each of whom has applied to intervene claiming party status as an individual under 24 V.S.A. § 4465(b)(3), qualifies for party status so as to continue this appeal as an individual appellant. See In re Garen, 174 Vt. 151, 153–54 (2002) (allowing intervenors to continue

---

[1] Applicant Hitchcock apparently has proposed to create two one-acre building lots from the 498 acres of property he owns on both sides of Furnace Road, and to retain the remainder of the property, making the proposed project a 3-lot subdivision. However, this fact is not material to the present motions as the 1989 Zoning Regulations do not distinguish among the number of lots in a proposed subdivision for the purposes of subdivision approval. In addition, Mr. Paynter's concern about the number of lots created in the past five years, raised for the first time in his June 11 memorandum, relates only to the potential for Act 250 jurisdiction and is beyond the scope of the present municipal appeal.

[2] The May 11, 2010 entry order cautioned Mr. Paynter that, as an individual who is not a lawyer, he may represent himself but may not represent Mr. Blow.

1

appeal after original appellants withdrew; issues were confined to those raised by original appellants). In the May 11, 2010 entry order, the Court established a schedule for any additional affidavits and memoranda on the remaining issues of Petitioners' claims of individual party status. The facts stated in this decision are undisputed unless otherwise noted.

Under 10 V.S.A. § 8504(b)(1), a decision of the ZBA can be appealed to this Court by an "interested person" who has "participated" in the ZBA proceedings below. "Interested person" is defined in 24 V.S.A. § 4465(b) to include:

> (3) A person owning or occupying property in the immediate neighborhood of a property that is the subject of [the] decision or act [on appeal] . . . , who can demonstrate a physical or environmental impact on the person's interest under the criteria reviewed, and who alleges that the decision or act, if confirmed, will not be in accord with the policies, purposes, or terms of the plan or bylaw of that municipality.

Id. § 4465(b)(3). Mr. Paynter and Mr. Blow must each qualify as an "interested person" under this definition in order to continue this appeal as individual appellants; if neither qualifies, the appeal must be dismissed.

Mr. Paynter owns property on a different road from and at a higher elevation than the Hitchcock property. With respect to Mr. Paynter's claims of a "physical or environmental impact on [his] interest," his initial and additional memoranda claim that his interest would potentially be affected by noise and possibly by lights from the Hitchcock subdivision, due to the elevation and topography of the intervening land.

Mr. Blow owns property to the south of the Hitchcock property. Along Furnace Road, the Blow property is separated from the two proposed Hitchcock one-acre lots by seven other small lots. To the rear of those seven small unrelated lots, the rear portions of the Blow and Hitchcock properties adjoin each other along both sides of Furnace Brook. With respect to Mr. Blow's claims of a "physical or environmental impact on

[his] interest," his initial and additional memoranda claim that the Hitchcock subdivision will increase traffic and noise, and will change the character of the neighborhood from rural to suburban.

However, the impact on a person's interest required by § 4465(b)(3) must be an impact "under the criteria reviewed." 24 V.S.A. § 4465(b)(3) (emphasis added); In re Vanishing Brook Subdivision, No. 223-10-07 Vtec, slip op. at 6–7 (Vt. Envtl. Ct. Jan. 16, 2008) (Wright, J.). All that is before the Court in the present appeal is the grant of subdivision approval to Mr. Hitchcock by the Zoning Administrator, not any application for conditional use approval to the ZBA or any application for site plan approval or planned residential development approval to the Planning Commission. Therefore, Petitioners must demonstrate an impact on their interest under the regulations applicable to the subdivision proposal.

The parties do not dispute that the 1989 Pittsford Zoning Regulations are applicable to this case, and that Pittsford does not have subdivision regulations at the present time.[3] Under § 2.3 of the 1989 Zoning Regulations, it is the Zoning Administrator who issues a zoning permit for "land development," which is defined in § 1.8.19 to include "[t]he partition or division of a parcel of land into two (2) or more contiguous parcels of land."[4] A Zoning Administrator is required to "administer the bylaws literally" and does not have "the power to permit any development that is not in conformance" with the Zoning Regulations. 24 V.S.A. § 4448(a); 1989 Zoning Regulations § 2.1.

Therefore, the only criteria in the 1989 Zoning Regulations that are available to be applied by the Zoning Administrator under this regulatory framework are the lot

_____

[3] See generally Town of Pittsford Zoning Regulations (1989), available at http://pittsfordvermont.com/wp-content/uploads/2009/10/1989-Zoning-Regs.pdf.

[4] See also 1989 Zoning Regulation § 2.6 (providing for the Zoning Administrator to inspect subdivisions and to certify that the boundary markers have been placed in accordance with the terms of the applicable subdivision permit).

3

area and other dimensional requirements of the particular zoning district; the prohibition against creating a noncomplying lot found in § 3.13 of the 1989 Zoning Regulations; and the required frontage and access requirements of § 3.4 of the 1989 Zoning Regulations, which, in turn, reflect the statutory provision now codified at 24 V.S.A. § 4412(3). The "criteria reviewed" for the subdivision permit at issue in the present appeal therefore do not include any issues as to noise, traffic, or character of the area—which Petitioners cite as potentially affecting their respective interests—regardless of whether such criteria might be applicable to any future proposal for the Hitchcock property requiring conditional use approval, site plan approval, or planned unit development approval.

Under 24 V.S.A. § 4465(b)(3), Petitioners must each demonstrate a potential physical or environmental impact on their respective interests "under the criteria reviewed"; they have not done so. Therefore, Petitioners do not qualify for individual party status under § 4465(b)(3), regardless of whether their respective properties are considered to be in the neighborhood of the proposed project. See, e.g., In re UVM Constr. & Landscape Permit, No. 169-8-08 Vtec, slip op. at 8 (Vt. Envtl. Ct. Mar. 12, 2009) ("Appellant has failed to show a potential physical or environmental impact to her interest under the criteria reviewed, and therefore she does not qualify as an individual interested party under 24 V.S.A. § 4465(b)(3).").

Both Petitioners also argue that they are affected by the practice of allowing the Zoning Administrator, rather than the Planning Commission, to rule on subdivision approval. They argue that they are affected because the same practice could be applied to them if they were to file a subdivision application. Of course, Mr. Paynter is free to raise this issue in his appeal of his own subdivision application, Docket No. 217-11-09 Vtec, which he has done; however, neither Petitioner has standing to raise this policy issue in the Hitchcock case. Absent any physical or environmental impact on their interest under the criteria reviewed, which is required for individual standing under

4

§ 4465(b)(3), the policy concerns that Petitioners wish to raise could only be raised by a group of at least ten voters or property owners within the municipality who had filed a prior petition with the DRB and otherwise qualify for standing under 24 V.S.A. § 4465(b)(4). See, e.g., <u>In re Wood</u>, No. 276-11-08 Vtec, slip op. at 3 (Vt. Envtl. Ct. Feb. 17, 2009) (Wright, J.) ("For persons with a policy concern such as that expressed by [the petitioner], but without a 'physical or environmental impact' on their interest, the statute allows an appeal only by a group of ten or more voters or real property owners within the municipality, and requires a prior petition to the ZBA." (citing 24 V.S.A. § 4465(b)(4)). In the present case, such a group has already been dismissed.

Accordingly, based on the foregoing, it is hereby ORDERED and ADJUDGED that both Mr. Paynter's and Mr. Blow's petitions to intervene as individual appellants under 24 V.S.A. § 4465(b)(3) are DENIED, and the Town's Motion to Dismiss this appeal with prejudice is therefore GRANTED.

Done at Berlin, Vermont, this 18th day of June, 2010.


_____
Merideth Wright
Environmental Judge