**State of Vermont**
**Superior Court—Environmental Division**

======================================================================
**E N T R Y   R E G A R D I N G   M O T I O N**
======================================================================

**Crandall & Stearns Waiver and Deck Application**            **Docket No. 134-9-11 Vtec**
**(Municipal enforcement action)**

Title: Motion for Summary Judgment (Filing No. 1)

Filed: January 26, 2012

Filed By: Interested Person Town of Fairlee

Response filed on 2/27/12 by Applicants/Appellants Roger Crandall, Gabrielle Crandall,
   Virginia Stearns, and David Stearns

Reply filed on 3/8/12 by Town of Fairlee


___ Granted                    _X_ Denied                    ___ Other

       Roger Crandall, Gabrielle Crandall, Virginia Stearns, and David Stearns (Applicants)
have appealed an August 23, 2011 decision by the Town of Fairlee Development Review Board
(the DRB) denying their applications for a zoning permit and a setback waiver to authorize
construction of a single-level uncovered deck on a pre-existing, non-conforming structure.
Applicants appealed that decision, and the Town of Fairlee, Vermont (Town), an interested
person in these proceedings, has filed a motion for summary judgment.

       In its motion, the Town seeks summary judgment against Applicants based on the
argument that Applicants' most recent applications are barred by the successive application
doctrine. Stated generally, the successive application doctrine prohibits an applicant from re-
submitting an application for a municipal permit after the original application was denied
"unless a substantial change of conditions ha[s] occurred." See In re Armitage, 2006 VT 113,
¶¶ 4, 8–9, 181 Vt. 241 (quoting In re Carrier, 155 Vt. 152, 158). Applicants have not, however,
raised the issue of a potential successive application in their Statement of Questions, and neither
has the Town filed a cross-appeal raising the issue.

       The Environmental Division's jurisdiction in an appeal of a decision by a municipal
panel is dictated and restricted by an appellant's Statement of Questions. See V.R.E.C.P. 5(f); In
re Garen, 174 Vt. 151, 156 (2002). That is, the Statement of Questions restricts the scope of an
appeal before us. The Court's jurisdiction extends to issues explicitly raised in each Question as
well as to issues intrinsic to them. See In re Jolley Assocs., 2006 VT 132, ¶ 9, 181 Vt. 190.

       Here, the only appellants before us in this matter, Applicants, have not themselves
raised the concern that their current applications are barred by the successive application
doctrine, nor is the question intrinsic to any of the Questions in their Statement of Questions.
Additionally, the Town has not cross-appealed to challenge Applicants' most recent
applications based on the successive application doctrine, and has not filed its own Statement of

Questions raising the issue.  Therefore, we do not have jurisdiction to consider the question of whether Applicants' most recent applications are barred by the successive application doctrine.

If the DRB's decision denying Applicants' applications for a zoning permit and a setback waiver had been based on the conclusion that they were barred by the successive application doctrine, we would have concerns with the scope of Applicants' appeal.  However, that is not the situation here.  Thus, we reiterate that we have no jurisdiction to consider the applicability of the successive application doctrine to Applicants' most recent applications, and we **DENY** the Town's motion for summary judgment based on this doctrine.

We also note that, even if the Town's argument was properly before us, we would have to deny the Town's motion based on the presence of disputed material facts.  The Court can only grant summary judgment to a moving party (here, the Town) when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a); V.R.E.C.P. 5(a)(2).  The Town argues that it is entitled to judgment as a matter of law based on the conclusion that Applicants' most recent applications are barred by the successive application doctrine.  To determine if the Town is correct, we would need to consider the similarities and differences between Applicants' recent applications and the previously denied application concerning the same property.  See Armitage, 2006 VT 113, ¶¶ 4, 8–9.  In Applicants' response to the Town's motion, Applicants discuss significant differences between their current applications and the earlier application, previously ruled on by the DRB, that is the subject of the Town's argument.  Applicants support these factual allegations with reference to evidence.  Were the Town's motion properly before us, we would nonetheless have to deny it because Applicants' response to the motion is sufficient to demonstrate a dispute over material facts.

As stated above, we **DENY** the pending motion for summary judgment.  In our Entry Order of February 15, 2012, we granted the Town's request to continue a status conference in this matter that was scheduled prior to the Town's filing of its motion for summary judgment. As we have now ruled on that motion for summary judgment, this matter has been set for a status conference pursuant to the enclosed notice.

_____          _____May 1, 2012_____
        Thomas G. Walsh, Judge                                                    Date
=============================================================================
Date copies sent to: _____                              Clerk's Initials _____
Copies sent to:
    Frank H. Olmstead, attorney for Town of Fairlee
    Christopher D. Roy, attorney for Roger Crandall, Gabrielle Crandall, Virginia Stearns, and David Stearns