# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                      Docket No. 106-7-14 Vtec

| NRB v. Stratton Corporation |
| --- |

## ENTRY REGARDING MOTIONS

Title:          Motion Permissive Intervention (Motion 1)
Filer:          Treetop at Stratton Condo Assn
Attorney:       A. Jay Kenlan
Filed Date:     July 29, 2014
Response in Opposition filed on 08/18/2014 by Attorney Lisa B. Shelkrot for Respondent
Stratton Corporation

**The motion is GRANTED.**

Title:          Motion to Stay the AOD (Motion 2)
Filer:          Treetop at Stratton Condo Assn
Attorney:       A. Jay Kenlan
Filed Date:     August 1, 2014
Response in Opposition filed on 08/20/2014 by Attorney Lisa B. Shelkrot for Respondent
Stratton Corporation

**The motion is MOOT.**

Title:          Motion to Strike Reply to Opposition (Motion 3)
Filer:          Stratton Corporation
Attorney:       Lisa B. Shelkrot
Filed Date:     September 15, 2014

**The motion is DENIED.**

Treetop Development Company, LLC, Treetop Three Development Company, LLC, Intrawest Stratton Development Corporation, and The Stratton Corporation (collectively Stratton) received initial Act 250 approval from the District 2 Environmental Commission (the Commission) for the development of 25 three-unit townhouse buildings near Stratton Mountain in the Town of Stratton, Vermont (the Project) on November 18, 2002 pursuant to Land Use Permit 2W1142 (the Permit). Stratton failed to construct the project in accordance with the Permit and did not receive written approval for the alterations. Some of the alterations were to the stormwater management systems, which the Permit required be constructed in conformance with stormwater discharge permits previously granted to Stratton by the Agency of Natural Resources. On March 12, 2012, Stratton applied for an Act 250 permit amendment to implement a plan to remedy all violations and restore the Project site. On

1

October 21, 2013, the Commission issued Land Use Permit Amendment 2W1142-D to address the remediation and changes (the Permit Amendment). This Permit Amendment was not appealed.

The Natural Resources Board and Stratton entered into an Assurance of Discontinuance on July 15, 2014 (the AOD) to resolve the Permit violations and address Stratton's failure to obtain the Permit Amendment prior to altering the project. The AOD requires Stratton to comply with the Permit and the Permit Amendment, take certain actions to bring the project site into compliance with all permit conditions and regulations, pay a civil penalty, and reimburse the Natural Resources Board and the Agency of Natural Resources for the cost of enforcement.

The Treetop at Stratton Condominium Association, Inc. (the Association) represents the interests of the owners of the Project's townhouse condominium units. The Association participated in the various Act 250 proceedings and has expressed an interest in ensuring that the Project infrastructure, especially the stormwater management system and erosion control elements, be constructed in conformance with the Permit, Permit Amendment, and all applicable regulations.

In the present motion, the Association moves to intervene in this action under 10 V.S.A. § 8020. Section 8020 allows for a person aggrieved by an administrative order, assurance of discontinuance, or civil citation to intervene so long as the person filed comments on the order, AOD, or citation within the statutory comment period. 10 V.S.A. §§ 8020(a), (e). There is no dispute that the Association filed such comments with the NRB related to this AOD.

The statute also requires that "[a] motion for permissive intervention shall clearly state the basis for the claim that the administrative order, assurance of discontinuance, or civil citation is insufficient to carry out the purposes of [Title 10 Chapter 201]." Id. at § 8020(f). While Stratton contends that the Association has failed to meet this standard, their arguments go more directly to the merits of the Association's claims. The Association's asserts that the AOD will produce a legally binding finding that, contrary to fact, certain work that has been or will be conducted by Stratton is in compliance with the Permit, the Permit Amendment, and the related stormwater permits. The Association further alleges that, as a result, the AOD fails to protect their interests and the environment. We conclude that the motion for intervention clearly states the basis for the Association's claim.

Section 8020(h) states that the standard of review for intervention is as provided in Rule 24 of the Vermont Rules of Civil Procedure. Under Rule 24(b), a party may be permitted to intervene upon a timely application if conferred a conditional right to intervene by statute. V.R.C.P. 24(b)(1); In re Garen, 174 Vt. 151, 155 (2002). As a primary matter, the Supreme Court has directed trial courts to consider at least four factors in assessing timeliness of a motion to intervene: "possible harm to plaintiffs; power to have sought intervention at an earlier stage; progress of the case; and the availability of other means to join the case." Shahi v. Madden, 2010 VT 56, ¶ 10, 188 Vt. 142 (citation omitted). Rule 24 further provides that "[i]n exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." V.R.C.P. 24(b) (emphasis

added).  We consider these factors in the context of the second element: the statutory right to intervene.

First, 10 V.S.A. Section 8020 confers a conditional right to intervene.  The statute itself limits the scope of permissible intervention, however, by directing the Court to consider whether the issues presented by any intervener are "for the sole purpose of establishing that the terms of the assurance of discontinuance are insufficient to carry out the purposes of this chapter."  Section 8020 additionally provides that "[t]he intervenor shall have the burden of proof by a preponderance of the evidence that the . . . assurance of discontinuance . . . is insufficient to carry out the purpose of this chapter in the discretion of the Environmental Division."  10 V.S.A. § 8020(h).  We believe that this limited scope will sufficiently prevent any undue delay.

We conclude that Section 8020 confers on the Association a conditional right to intervene, that the Association could not have intervened at an earlier stage, and that participation in this enforcement action is the most appropriate way for the Association to ensure that the AOD will not adversely affect the environment or the Association's interests.  We therefore **GRANT** the Association's motion for permissive intervention.

Stratton filed, on September 15, 2014, a motion to strike the Association's Reply to its opposition to the motion to intervene.  This appears to have been anticipatory as no reply has been filed with the Court.  There is no reply or response to the opposition on file with the Court and none was considered in deciding the motion to intervene.  We therefore **DENY** motion to Strike.

On August 1, 2014 the Association filed a motion to stay the AOD.  In its August 20, 2014 response, Stratton states that the majority of the work required of it under the AOD had already been completed and therefore the motion to stay was moot.  Attorney Kenlan, appearing on behalf of the Association recognized this fact in a status conference before the Court in early September.  As there is no work to be completed under the AOD by Stratton at this time we consider the motion to be **MOOT**.

Electronically signed on November 14, 2014 at 12:17 PM pursuant to V.R.E.F. 7(d).

_Tom Walsh_
_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division


Notifications:
Municipality Town of Stratton
Peter Gill (ERN 4158), Attorney for Petitioner Natural Resources Board
Lisa B. Shelkrot (ERN 2441), Attorney for Respondent Stratton Corporation
A. Jay Kenlan (ERN 3775), Attorney for Petitioner to Intervene Treetop at Stratton Condo Assn