# STATE OF VERMONT

SUPERIOR COURT                                    ENVIRONMENTAL DIVISION
Vermont Unit                                          Docket No. 67-6-15 Vtec

---

### Reap Barn Conditional Use Permit

---

## ENTRY REGARDING MOTION

Title:          Motion to Dismiss (Motion 4)
Filer:          Robert Reap
Attorney:       Timothy M. Eustace
Filed Date:     July 13, 2015

Response in Opposition filed on 08/03/2015 by Attorney Paul S. Gillies for Appellant Ann Cousins
Reply filed on 08/12/2015 by Attorney Timothy M. Eustace for Appellees Robert and Joy Reap

**The motion is GRANTED.**

Once a party's standing is challenged in an Environmental Division appeal, that party has an affirmative duty to establish that they have standing as an interested person pursuant to 24 V.S.A. § 4465.  In their motion to dismiss, challenging Appellant Ann Cousins's standing, Applicants Robert and Joy Reap assert that Ms. Cousins sold her nearby property recently and therefore no longer satisfies the § 4465 standing requirements.  See 24 V.S.A. § 4465(b)(3) (requiring a person to own or occupy property "in the immediate neighborhood" of a proposed development in order to qualify as an interested person).  Appellant Cousins does not dispute this assertion, but rather asserts that the pending motion is procedurally deficient, since it is supported by affidavits and other filings outside the initial pleadings; Appellant asserts that the pending motion must be one for summary judgment and may not be addressed as one requesting dismissal.

Appellant's procedural assertion would be correct, if Applicant's motion was seeking dismissal for failure to state a claim under V.R.C.P. 12(b)(6).  See V.R.C.P. 12(b) ("If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by rule 56.").  However, the foundation for Applicants' motion is that Appellant Cousins does not have standing to assert the claims she presents and therefore must be dismissed as a party, pursuant to V.R.E.P. 5(d)(2) and V.R.C.P. 12(b)(1).

Applicants further assert that because Ms. Cousins no longer has standing in this appeal, that the Court should determine that it no longer has jurisdiction over her appeal.  We agree that a party without standing has no case or controversy that this Court may constitutionally adjudicate, since that party may no longer claim that it will "suffer[] a particular injury that is attributable to [Applicant here] and that can be redressed by a court of law."  Parker v. Town of Milton, 169 Vt. 74, 77 (1998); see also Bischoff v. Bletz, 2008 VT 16, ¶ 15, 183 Vt. 235.  However, even when an original appellant is no longer in an appeal, any interested person remaining in the appeal may prosecute the legal issues that the former appellant initially raised.  In re Appeal of Garen, 174 Vt. 151, 153 (2002).

In the appeal pending before us, the Town of Richmond has entered its appearance as an Interested Person.  Thus, we have a similar procedural scenario as in Garen, wherein our Supreme Court determined that the remaining interested persons were entitled to prosecute the original appellant's appeal.  Id.

The one possible distinguishing point may be that in Garen, the remaining interested persons had already provided notice that they wished to have the appeal remain active and to litigate the issues first raised by the original appellant.  Here, the Town of Richmond has not yet had an opportunity to present such a claim.  Therefore, we will conduct a follow-up conference so that the Town may announce its intentions; see the enclosed notice of hearing.  At that conference, in the event that the town does wish to continue the appeal, the parties should be prepared to offer their suggestions to the Court on how this matter should be further scheduled. In that regard, the Court asks that Applicants be prepared to discuss the procedural suggestions made in the Town's Motion for Pre-Trial Status Conference, filed on July 13, 2015.

**So ordered.**

Electronically signed on September 08, 2015 at Newfane, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:
Paul S. Gillies (ERN 3786), Attorney for Appellant Ann Cousins
Mark L. Sperry (ERN 3715), Attorney for Interested Person Town of Richmond
Timothy M. Eustace (ERN 3285), Attorney for Appellees Robert and Joy Reap
Matthew S. Stern (ERN 5743), Attorney for Appellees Robert and Joy Reap