STATE OF VERMONT

SUPERIOR COURT                                         ENVIRONMENTAL DIVISION

| | |
|---|---|
| In re RL Vallee, Inc. et al. MS4 | Docket No. 122-10-16 Vtec |
| Diverging Diamond Interchange A250 | Docket No. 169-12-16 Vtec |
| Diverging Diamond Interchange SW Permit | Docket No. 50-6-16 Vtec |

## ENTRY REGARDING MOTION

Title:          Motion to Intervene
Filer:          Costco Wholesale Corporation
Attorney:       Mark G. Hall
Filed Date:     March 1, 2017

This entry order addresses Costco Wholesale Corporation's (Costco) motion to intervene in three separate matters pursuant to V.R.E.C.P. 5(c), 10 V.S.A. § 8504(n), and V.R.C.P. 24.

Costco filed motions to intervene in each of the above-docketed matters on March 1, 2017.  Appellants RL Vallee, Inc., et al. (Vallee) filed an opposition to the three motions, and Costco subsequently filed reply briefs in support of its motions.  Other parties to these matters have not weighed in on the motions to intervene.[1]

Costco is represented by Mark G. Hall, Esq.  Vallee is represented by Jon T. Anderson, Esq. and Alexander J. LaRosa, Esq.

For the reasons set out below, we conclude that Costco meets the standard for intervention by right under § 8504(n)(6) and V.R.C.P. 24(a)(2).

### Factual Background

Costco owns and operates a wholesale facility in Colchester, Vermont, adjacent to the Diverging Diamond Interchange project (DDI Project), which is the subject of the current appeals. Costco was granted a number of permits, including an Act 250 permit and permits under Title 10, chapter 47, to expand its facility, reconfigure its parking, and add a gasoline sales facility.  In re Costco Wholesale Corporation, Nos. 75-6-12 Vtec, 104-8-12 Vtec, 132-10-13 Vtec, 41-4-13 Vtec, 59-5-14 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Aug. 27, 2015) (Durkin, J.); *aff'd by* In re Costco Stormwater Discharge Permit, 2016 VT 86 (Vt. Aug. 5, 2016).

---

[1] The other parties are the Natural Resources Board, the Agency of Natural Resources, the Agency of Transportation, Conservation Law Foundation, and Timberlake Associates.

Costco's Act 250 permit is conditioned on Costco completing certain improvements at the intersections of Lower Mountain View Drive and U.S. Route 7 and Upper Mountain View Drive, which are situated near I-89 Exit 16 in Colchester, in order to mitigate the projected traffic impact of its expansion project.  Id. at 45, 51; In re Costco Wholesale Corp., # 4C0288-19C, Findings of Fact, Conclusions of Law, and Order, at 35–36 (Dist. 4 Envtl. Comm'n Jan. 24, 2013).  Costco is required to make a financial contribution towards these improvements.  Id.

These improvements will increase the impervious surface of the existing roadways.  The improvements are also part of the DDI Project.

In short, Costco's Act 250 permit requires the completion of improvements that are part of the DDI Project, and will impact the DDI Project's stormwater runoff, before Costco can move forward with its expansion plans.

### Procedural Background

In the matter of In re Vallee, Inc. et al. MS4, Docket No. 122-10-16 Vtec (the MS4 appeal), Vallee alleges that the Vermont Agency of Transportation (VTrans) is not in compliance with its Vermont Small Municipal Separate Storm Sewer System (MS4) General Permit due to phosphorus discharges from the MS4 in the Town of Colchester and City of Winooski into Sunnyside Brook and Lake Champlain.

In the matter of Diverging Diamond Act 250 Appeal, Docket No. 169-12-16 Vtec (the Act 250 appeal), Vallee challenges the issuance of an Act 250 permit to construct a Diverging Diamond Interchange (DDI) at U.S. Routes 2 and 7 and I-89 Exit 16; to regrade, expand, and resurface portions of Routes 2 and 7; and to expand and add lanes to nearby roads (collectively, the DDI Project), all in the Town of Colchester.

In the matter of Diverging Diamond SW Permit, Docket No. 50-6-16 Vtec (the stormwater appeal), Vallee challenges the issuance of a stormwater permit issued by the Vermont Agency of Natural Resources (ANR) to VTrans to discharge stormwater runoff from the DDI Project that is the subject of the Act 250 appeal.

Costco seeks to intervene in all three matters pursuant to V.R.E.C.P. 5(c), 10 V.S.A. § 8504(n) and V.R.C.P. 24.

### Legal Basis for Intervention

The standard for intervention in all three matters is set out in 10 V.S.A. § 8504(n).  Costco moves to intervene under § 8504(n)(4) as a person aggrieved, and under § 8504(n)(6) as a party by right and a party that qualifies for permissive intervention.

### I.      Timeliness of the Motion

Under our court rules, a person "may enter an appearance by filing a timely motion to intervene."  V.R.E.C.P. 5(c).  We will generally consider a motion to intervene as timely if it is not made so "late in the game" that it would "delay the proceedings."  In re Garen, 174 Vt. 151, 154 (2002).  In the three matters at issue here, we are at an early stage in the proceedings.  Discovery is at an early stage, and the Court and parties to date have been occupied with preliminary

motions. Costco has represented that it "does not presently ask to be heard on pending motions," and does not ask the Court to revise the existing schedule.

Although Vallee contends that Costco's motion is untimely, the NRB recently filed a stipulated motion to amend the existing schedule by pushing discovery and motion practice deadlines back by 60 days or more. Even if granting Costco's motion would delay proceedings—which we do not believe will be the case—this presumably would not prejudice Vallee, in light of parties' request to amend the schedule.

Because Costco's motion to intervene comes at an early stage in the proceedings, and granting the motion will not delay those proceedings, we conclude that the motion is timely.

## II.     Whether Costco May Intervene under the Rules of Civil Procedure

Costco argues that it may intervene pursuant to 10 V.S.A. § 8504(n)(6), which allows intervention to those who "meet[] the standard for intervention established in the Vermont Rules of Civil Procedure." The Civil Procedure Rules, in turn, provide for intervention by right and permissive intervention. V.R.C.P. 24(a)–(b). Costco argues that it qualifies for intervention under both standards.

A timely motion to intervene will be granted if the moving party qualifies as a party by right under one of the two following standards:

(1) when a statute confers an unconditional right to intervene; or

(2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

V.R.C.P. 24(a).

Costco qualifies as a party by right under the second standard. As set out above, Costco's own permitted expansion project is contingent on the completion of improvements which are part of the larger DDI Project. Completion of those improvements is, in turn, contingent on the DDI Project's Act 250 and stormwater permits, both on appeal here; and may also be stalled or blocked depending on the outcome of the MS4 matter on appeal here.

Costco has no ownership interest in the property on which the improvements are to be made. Costco has, however, "demonstrate[d] a greater interest in the subject matter of the [matters on appeal] than . . . other member[s] of the public." Chittenden Recycling, 162 Vt. at 88. Namely, Costco has a direct financial stake in the improvements, because its Act 250 permit requires it to finance a portion of those improvements. If, through these proceedings, the DDI Project is altered to comply with Act 250, stormwater rules, or the MS4 permit, that could increase or reduce the amount of money that Costco is required to contribute. See In re Vermont Pub. Power Supply Auth., 140 Vt. 424, 431–32 (1981). In addition, Costco is in the unique position where any delay, alteration, or cancellation of the DDI Project as a result of these proceedings will likewise delay or halt its own expansion project.

3

For these reasons, we conclude that Costco has an "interest" in these matters for the purposes of V.R.C.P. 24(a)(2).

Furthermore, no existing party will adequately represent Costco's interest. Costco's interest is limited to a small portion of the DDI Project, while other parties supporting the Project—including the permittee, VTrans—are interested in the Project as a whole. In addition, Costco is interested in a portion of the DDI Project being completed in order to satisfy requirements set out in its own Act 250 permit; no other party shares this underlying interest. See Pub. Power Supply Auth., 140 Vt. at 433 (intervention is appropriate when other parties' representation of applicant's interest is minimally inadequate) (citation omitted).

Because Costco is entitled to intervene as a matter of right, we do not reach the issue of permissive intervention or intervention as an aggrieved person. Pub. Power Supply Auth., 140 Vt. at 428.

**Order**

Costco's motion to intervene is **GRANTED** pursuant to 10 V.S.A. § 8504(n)(6) and V.R.C.P. 24(a)(2).


Electronically signed on April 28, 2017 at 11:09 AM pursuant to V.R.E.F. 7(d).


_____
Thomas G. Walsh, Judge
Superior Court, Environmental Division

4